THERESA M. KITCHELL v. POLLY ANN MUDGETT ET AL.

*Priority of Mortgage.*

A wife's covenant in her husband's deed is a mere nullity.

The personal covenant of the mortgagors to pay the debt secured by the mortgage has no force to bind a wife joining in the mortgage of her husband's property.

A wife can contract no liability as surety for her husband.

The Michigan statute (Comp. L., § 4803) only empowers a wife to make contracts in respect to her own property, and not generally.

A wife unites in her husband's deed either to release her contingent right of dower, or to give her consent to it when it affects the homestead, so that the deed may have full effect under the statute (Comp. L., § 6138). But the act implies no intent to affect any independent interest she may have.

A wife who has a mortgage on her husband's property does not, by joining in a subsequent mortgage thereon, subject her own mortgage interest to the lien of the later mortgage.

A quit-claim deed transfers any interest the grantor or releasor may have in the lands, whatever its nature.

K. paid off and discharged the first two out of three mortgages on certain property, and then took a new mortgage for the amount paid. *Held* that this was subsequent to the one left unpaid, and that K. was not entitled to be subrogated to the rights of the first two mortgagees.

One who takes up a mortgage that refers to another has constructive notice of the latter.

A widow is entitled to remain in possession of the premises of her deceased husband without accounting for rents and profits.

Appeal from Branch. Submitted June 6. Decided June 19.

BILL OF FORECLOSURE. The court below decreed that as the defendant, Polly Ann Mudgett, had a mortgage lien prior to that of complainant, and there could be no personal decree against her, she should recover her costs against the complainant, and that beyond this the usual decree of foreclosure should be entered in favor of the complainant, with costs, except that it be so framed as to protect the lien of Polly Ann Mudgett, the prior mortgagee. Complainant appealed.

*S. B. Kitchell* and *J. B. Shipman* for complainant. As to postponement of complainant's mortgage to avoid circuity of suits: *Shermer v. Merrill*, 33 Mich., 284, 287; as to subrogation of complainant's rights to those of the mortgagees who had been paid: *Mattison v. Marks*, 31 Mich.,

421; *McCormick v. Irwin*, 35 Penn. St., 111; *Burchard v. Phillips*, 11 Paige, 66; as to defendant's accounting for rents and profits for the time she has occupied the premises: *Stevens v. Brown*, Walk. Ch., 41; *Farm. & Mech. Bank v. Bronson*, 14 Mich., 361.

*Loveridge & Barlow* for defendant. The joint execution of a mortgage by husband and wife affects the latter's inchoate dower interest only, and does not impair the priority of her lien under an antecedent mortgage held by herself: *Power v. Lester*, 23 N. Y., 527; *Kortright v. Cady*, 21 N. Y., 343; *Aymar v. Bill*, 5 Johns. Ch., 570; *Caruthers v. Humphrey*, 12 Mich., 270; *Ladue v. D. & M. R. R. Co.*, 13 Mich., 380, and cases cited. The payment by a mortgagee of mortgages antecedent to his own extinguishes them under the facts of this case, and does not leave him entitled to be subrogated to the rights of those who had held them. *Banta v. Garmo*, 1 Sandf. Ch., 383; *Smith v. Austin*, 9 Mich., 465; 11 Mich., 34; *Harwood v. Underwood*, 28 Mich., 427.

COOLEY, C. J. This is a suit to foreclose a mortgage given by Moses Mudgett and Polly Ann Mudgett his wife to the complainant. The mortgage bears date July 24, 1871, and was given for the amount of two prior mortgages on the same premises, one to William S. Gilbert and the other to Thomas Phibbs, which complainant had paid on an understanding that a new mortgage should be given to her for the amount. Mrs. Mudgett at this time had a mortgage on the same premises, dated January 4, 1868, and duly recorded. Whether complainant knew of this last mortgage when she took the one to herself is in dispute; but it was mentioned in the Phibbs mortgage which she took up; so that she had constructive notice of it not merely by the record, but by the Phibbs mortgage also. The land covered by the mortgages constituted the homestead of Moses Mudgett. The mortgage to complainant was not in any respect peculiar, unless the fact that it contained a personal covenant on the part of the mortgagors to pay the debt can

be considered as making it so. This statement of facts will be sufficient for an understanding of most of the legal questions.

The controversy is one of priority between the mortgages of complainant and Mrs. Mudgett. The latter is seen to be first in time, and first upon the record; but it is urged on the part of the complainant that the facts stated entitle her mortgage to priority over the lien of the other. For this several reasons are assigned, as follows:

1. That Mrs. Mudgett being personally obligated to pay complainant's debt, her mortgage should be postponed if for nothing more than to avoid circuity of suits. This reason fails if she was not personally liable for its payment, and we think she was not. If liable at all it could only have been as surety for her husband; and we have held heretofore that she could contract no such liability. *De Vries v. Conklin,* 22 Mich., 255; *West v. Laraway,* 28 Mich., 464. A wife's covenant in her husband's deed is a mere nullity; the statute not empowering her to make contracts generally, but only in respect to her own property. Comp. L., § 4803.

2. That by uniting in the mortgage to complainant Mrs. Mudgett transferred her own mortgage interest, and subjected it to the lien of the mortgage she signed. To support this proposition several cases are cited in which it has been held that a quit-claim deed will pass a mortgage interest. *Niles v. Ransford,* 1 Mich., 338; *Thayer v. McGee,* 20 Mich., 195. But such cases are very different. The quit-claim, as the name of the instrument imports, is intended as a transfer of any interest the grantor or releasor may have in the lands, whatever its nature; but the execution by the wife of her husband's deed of any sort implies no such intent. It implies, on the other hand, that she executes it for the purposes for which the statute makes her joining with him important to the giving of full effect to his deed; and these are, the releasing of her contingent right of dower, and the consenting to the deed when it affects the homestead. It is for one or the other of these purposes that the wife unites in her husband's deed; and if the intent is to affect any independent interest of her

own, it is reasonable to expect some special provision in the instrument which shows specifically in what manner and how far her separate interests were intended to be affected. Cases like *Williams v. Thorn*, 11 Paige, 459, in which it was decided that a mortgagor of lands cannot set up a prior mortgage owned by himself against the mortgage he gave, can have no application to a case where the owner of the prior mortgage is not the principal in the second, but only unites in it in order that the contract of the principal may have an effect which otherwise the law withholds from it. More reliance is placed by complainant on *Gregory v. Gregory*, 16 Ohio St., 560. In that case the wife had united with her husband in a deed of conveyance of the husband's lands, on which she held a mortgage; and this was held to cut off the mortgage. The wife in that deed joined in the operative words of conveyance, and in a special clause released her right of dower. The court say of it: "The deed seems to have been made in strict conformity to the provisions of the statute of this State regulating the conveyance of a wife's interest in lands, and to the authoritative decisions under it. She joined in the granting part of the deed, containing apt words to convey whatever title or interest she had in the entire farm or in any part thereof; and in the *testatum* clause she released her inchoate right of dower in the whole." On this statement of the case, the decision would seem to be immaterial here. Our statutes prescribe in what manner a married woman shall consent to a release of dower and to a mortgage of the homestead; and their provisions have been followed in this instance: they leave the wife at liberty to convey her separate interests in lands as any other person might; but where the deed she executes is proper and suitable for the release of dower and as a consent to the mortgaging of the homestead, and is such as she would be expected to execute if she had no independent interest, we cannot suppose she had any further purpose in becoming a party to it.

3. That complainant is entitled to be subrogated to the rights of Gilbert and Phibbs, whose mortgages she took up. It is said, with great show of reason, that complainant would

never have taken up those mortgages had she not supposed she was to have a first lien; for the land was then worth only about the amount of the three mortgages. Now this may be true, and still it may be equally true that if she has taken a mortgage negligently on land covered by another she can have no relief. Now complainant was notified by the record and by the Phibbs mortgage that Mrs. Mudgett also held one on the same lands; yet it is not claimed that she required Mrs. Mudgett to release hers or to postpone the lien. How can the court know that Mrs. Mudgett would have consented to release or postpone if it had been required of her? And how can the court compel her to do that which, with competent authority to assent to or reject, she might perhaps at that time have rejected?

It will be conceded that the complainant might have bought up the Gilbert and Phibbs mortgages and held them as prior liens, and that if she has caused them to be discharged under circumstances which render it equitable that she should retain the priority, she may still retain it. *Mattison v. Marks,* 31 Mich., 421. But the question whether or not it is equitable is altogether dependent on whether Mrs. Mudgett has consented to waive her priority, or has been guilty of any fraud or deception to the prejudice of complainant. Neither the one nor the other is shown. Complainant has paid off and discharged the Gilbert and Phibbs mortgages on the receipt of a new one, which in point of fact is subsequent to Mrs. Mudgett's. If she did not intend to take a second mortgage, and would have refused to do so had all the facts been known to her, then the fault is her own. But for gross negligence she would have known what the facts were, and we cannot relieve her to the prejudice of another party who was not in fault.

4. Mr. Mudgett having deceased, and his wife having subsequently occupied the premises, it is suggested that she should account for the rents and profits. We think not. She was entitled as his widow to remain in possession.

The decree should be affirmed, with costs.

The other Justices concurred.