FORT DODGE BUILDING AND LOAN ASSOCIATION, Appellee, v. JOHN B. SCOTT, Appellant.

Subrogation: PAYMENT OF MORTGAGE: JUDGMENT. The plaintiff. having accepted a mortgage on certain real estate without having the abstract of title brought down to the date of said instrument, and without making an examination of the county records as to prior liens,

*held,* that it was not entitled to be subrogated to the rights of the mortgagees under several prior mortgages, which had been satisfied, pursuant to an agreement with the mortgagor, out of the money procured from the plaintiff under said mortgage, as against a judgment rendered against the mortgagor before the execution of said mortgage.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, OCTOBER 19, 1892.

THE plaintiff, as mortgagee of lots 1, 2, 3, 4, and 5, in Sargent & Baehring's subdivision of block one hundred and eighteen of the town companies' addition to the city of Fort Dodge, Webster county, Iowa, prosecutes this action to enjoin the defendant from causing said real estate to be levied upon and sold under a certain judgment in his favor, rendered in the district court of that county against G. T. Baehring and W. C. Baehring, and for a decree declaring said judgment not to be a lien upon said lots. A decree was rendered granting the relief asked in part and denying it in part. Both parties appeal. The defendant, having first perfected his appeal, is designated in the record as appellant.—*Reversed.*

*R. M. Wright,* for appellant.

*A. N. Bottsford,* for appellee.

GIVEN, J.—I. The facts, as shown by the pleadings and proof, necessary to be noticed, are these: W. C. Baehring, being the owner of said lots, conveyed the same on June 26, 1885, to one Palmer, taking back a mortgage to secure one hundred and seventy-five dollars of the purchase money. On October 5, 1885, Palmer executed a mortgage to one Frost on lots 3 and 4, to secure his seven promissory notes for fifty dollars each and one for twenty-five dollars. On Jan-

uary 8, 1887, Palmer executed another mortgage on lots 3 and 4 to H. G. Ristine, to secure the sum of twenty-five dollars. These several mortgages were duly recorded. Palmer, being unable to pay said incumbrances, at the instance of W. C. Baehring executed a quitclaim deed to G. T. Baehring, son of W. C. Baehring, on the twelfth day of July, 1887, in consideration that W. C. Baehring would satisfy the balances then due upon said several mortgages. On January 6, 1888, the plaintiff, at the request of W. C. Baehring, loaned three hundred and fifty dollars, taking the mortgage of G. T. Baehring upon said lots as security. The loan was made upon the understanding and agreement that the money loaned should be applied to the satisfaction of said mortgages. The money loaned was so applied, and said prior mortgages canceled and satisfied. The purpose of this agreement was manifestly that the plaintiff's mortgage might be a first lien. Negotiations for this loan were commenced some time prior to its consummation, and the plaintiff had an abstract of the title made up to December 8, 1887, but did not have it brought up to the date of the loan, January 6, 1888. On the twenty-third day of November, 1887, the defendant, Scott, commenced an action in the district court of Webster county against W. C. and G. T. Baehring for the foreclosure of a mortgage, and for personal judgment against said Baehrings. On the sixteenth day of December, 1887, judgment was rendered in said action against both of the defendants Baehring and in favor of this defendant, John B. Scott, in the sum of seven hundred and sixty-seven and sixty-four one-hundredths dollars damages and fifty and forty-five one-hundredths dollars costs, which judgment was duly entered of record and indexed. The abstract of title upon which the plaintiff relied in making the loan failed to notice the pendency of that action, and, not

being brought up to date, did not show the judgment in favor of this defendant. There is no evidence that the plaintiff had any actual knowledge of the action or judgment, but the records were such as to impart constructive notice thereof.

II. It will be observed from the foregoing statement of facts that the defendant's judgment became a lien upon the lots in question at the time of its rendition, December 16, 1887, junior to said three prior mortgages, and so continued at the time the plaintiff took its mortgage, January 6, 1888. By the satisfaction of said three mortgages the defendant's judgment became a first lien, unless under the law and the facts the plaintiff is entitled to be subrogated to the rights of the mortgagees in said three prior mortgages.

The plaintiff's contention is that, as it furnished the money with which said mortgages were paid under an agreement that it should be so applied, it is entitled to have the satisfaction of said mortgages canceled, and to be subrogated to all the rights of the mortgagees. The right to subrogation rests upon equitable grounds, and is never granted as a reward for negligence. While it may be true, as claimed, that no equities inhere in the defendant's lien, that it is simply a lien given by law, it is certainly as true that the plaintiff's claim is equally void of equities. The position of the plaintiff is the result of its own negligence. It relied upon an abstract of title which was not brought up to date, and which failed to note the pendency of this defendant's action, or the judgment in his favor. An examination of the court records of the county on the day the loan was made would have informed the plaintiff of the existence of this judgment, and that it was a lien upon these lots, whether owned by both or either of the Baehrings. Without making this examination, which the most ordinary

care required, the plaintiff made the loan, and accepted its mortgage. Surely equity will not reward such negligence by applying the doctrine of subrogation in favor of the negligent party. To do so would encourage carelessness in taking such securities. / The following language of this court in *Mather v. Jenswold*, 72 Iowa, 550, is directly applicable, and decisive of the question under consideration: "The only question in the case is whether the plaintiff is entitled to have the satisfaction of the Simmons mortgage set aside, and that he be subrogated to all the rights of Simmons. It seems to us that he is not entitled to such relief. The plaintiff made the loan to Lord for the express purpose of paying the Simmons mortgage. It was well understood that the plaintiff was to accept a new mortgage, and the plaintiff got all he bargained for. There was no mistake, except that the plaintiff failed to exercise the diligence required in the examination of the records, and, therefore, failed to discover the existence of the judgment and the sale thereunder. No one can be blamed, but he must suffer loss, simply because he was negligent. There is no principle that will allow him to take advantage of that to the injury of the diligent. *Wormer v. Agricultural Works*, 62 Iowa, 699, and authorities cited; *Weidner v. Thompson*, 69 Iowa, 39." A number of other cases are cited in argument, but none that are applicable to the facts.

We are of the opinion that the plaintiff is not entitled to any relief, and that decree should be entered dismissing his petition, and for costs. Reversed.