UNITED STATES FIDELITY & GUARANTY COMPANY, a Foreign Corporation, *Appellant,* v. S. B. BENNETT, WILLIAM H. BENNETT, and DOTHAN NATIONAL BANK, *Appellees.*

Division B.

Opinion filed December 22, 1928.

*Parker & Parker,* for Appellant;

*R. Don McLeod, Jr.,* for Appellee.

BUFORD, J.—The appeal in this case is from an order sustaining in part a demurrer to a bill of complaint.

In short, the allegations of the bill of complaint are that Bennett Construction Company contracted with the State Road Department of Florida to construct a certain road and United States Fidelity & Guaranty Company made surety bond for the faithful performance of the contract, Bennett Construction Company failed to perform its contract and the same was declared forfeited by the State Road Department and the surety company was advised that it would be required to make good the conditions of its surety bond. Bennett Construction Company on the 11th day of November, 1926, is alleged to have been indebted to the First National Bank of Atmore, at Atmore, Alabama, in the sum of $2,150.00 and as evidence of such indebtedness did make and deliver to the said bank its certain promissory notes, one due February 1, one due March 1, one due April 1, one due May 1, one due June 1 and one due July 1, all in 1927, for the sum of $300.00 each, and one due August 1, 1927, for $350.00, and to secure the payment of these notes executed a mortgage on certain mules and horses and some other equipment, and, thereafter, Bennett Construction Company, being indebted to Dothan National Bank of Dothan, Alabama, made a second mortgage creating a lien on a part of the same property described in the first mortgage. That the contract was made with the State Road Department on the 14th day of August, 1926, and that the

surety company executed the bond on that date to guarantee the faithful performance of the contract by the Bennett Construction Company. That on the 29th day of January, 1927, the State Road Department notified the surety company that the contract had been declared forfeited so far as the Bennett Construction Company was concerned and thereupon the surety company undertook to complete the contract. The agreement of indemity contained the following clause:

"That for the better protection of the said Company, and as of the date thereof, the said Principal does hereby assign, transfer and convey to the said Company, all right, title and interest in and to all the tools, plant equipment and materials of every nature and description that said Principal may now or hereafter have upon said work, or in or about the site thereof, including as well materials purchased for or chargeable to said contract, which might be in process of construction, or storage elsewhere, or in transportation to said site, hereby assigning and conveying also all rights in and to all sub-contracts, which have been, or may hereafter be entered into, and the materials embraced therein, and authorizing and empowering said Company, its authorized agents or attorneys, to enter upon and take possession of such tools, plant equipment, materials and sub-contracts, and enforce, use and enjoy such possession upon the following conditions, viz: This assignment shall be in full force and effect as of the date hereof, should the said Principal fail, or be unable to complete the said work in accordance with the terms of the contract covered by said bond, or in the event of any default on the part of the said Principal under the terms of said contract."

That when the notes made to the First National Bank of Atmore became due the surety company paid the first six notes on the due date thereof respectively, but took no assignment of the mortgage until at, or about, the time that it paid the last note for $350.00 and that prior to the payment of any of the notes, the surety company had taken possession of all the property described in the mortgage. During all this time Dothan National Bank held its second mortgage and it is not alleged that Dothan National Bank had any notice that the lien created by the first mortgage in favor of First National Bank of Atmore was being retained in full force and was not being reduced by the amount of the payments of the notes as they became due, nor that its security as a second lien holder was not being enchanced by reason of the payments made in satisfaction of the condition of the first mortgage.

There was a demurrer to the amended bill of complaint, which demurrer was sustained in part by an order of the court, as follows:

"It is hereby ordered, adjudged and decreed that the demurrer of the defendant be sustained to the amended bill of complaint as to that part thereof whereby complainant seeks to be subrogated to the rights of the National Bank of Atmore, Atmore, Alabama, and seeks foreclosure of the first mortgage to enforce the collection of the first six (6) promissory notes declared upon in foreclosure as against the Dothan National Bank. As to the bill of complaint as a whole and as to all other parts of the bill, the demurrer is hereby overruled."

The question of subrogation in this case is between Dothan National Bank and the surety company and is not between the mortgagor, Bennett Construction Company,

and the surety company. We quote, with approval, from 25 R. C. L. page 1313, as follows:

"The doctrine of subrogation is generally considered to have been derived, and the term itself borrowed, from the civil law, though some authorities regard the Roman law as its source. However this may be, it has long been an established branch of equity jurisprudence. It does not owe its origin to statute or custom, but is a creature of courts of equity, having for its basis the doing of complete and perfect justice between the parties without regard to form. It is a doctrine therefore which will be applied or not according to the dictates of equity and good conscience, and considerations of public policy, and will be allowed in all cases where the equities of the case demand it. It rests upon the maxim that no one shall be enriched by another's loss, and may be invoked wherever justice demands its application, in opposition to the technical rules of law which liberate securities with the extinguishment of the original debt. The right to it depends upon the facts and circumstances of each particular case, and to which must be applied the principles of justice."

In Boley v. Daniels, 72 Fla. 121, 72 So. R. 644, this Court say:

"When a first mortgage lien existing against real estate is paid off, the lien of a second mortgage thereon becomes at once, by operation of law, a first lien on the property; and this first lien and the right to enforce it as such, are vested rights.

"Courts of equity will not apply the doctrine of subrogation where to do so would be to deprive a party of a legal right. Rice v. Winters, 45 Neb. 517, 63 N. W.

830; Ft. Dodge Bldg. & Loan Ass'n. v. Scott, 86 Iowa 431, 53 N. W. 283; Kitchell v. Mudgett, 37 Mich. 81; Receivers of New Jersey Midland Ry. Co. v. Wortendyke, 27 N. J. Eq. 658; Holt v. Baker, 58 N. H. 276.''

It appears that the learned chancellor entertained the view that the case as presented by the bill of complaint of the surety company showed that it had paid six notes secured by the first mortgage without intimation to the holder of the second mortgage that the right of subrogation would be claimed and without any intimation that the lien was to be retained to secure the repayment of the notes so paid and that under these conditions the security embraced in the second mortgage became enhanced in value and such enhancement in value became and was a vested right in the holder of the second mortgage and that upon the assignment of the first mortgage to the surety company as and when alleged in the bill of complaint, it could only be held as security for the note then unpaid in the sum of $350.00 as against the rights of the holder of the second mortgage. In this conclusion the chancellor appears to have been correct. The decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J. J., concur.

STRUM, J., concurs in the opinion and judgment.

ELLIS, C. J., AND BROWN, J., dissent.

Opinion filed December 22, 1928.

*Parker & Parker,* for Appellant;

*R. Don McLeod, Jr.,* for Appellees.