LAWRENCE E. DODGE, also known as L. E. DODGE and LAW-RENCE DODGE, *et ux.*, and HENRY B. PEACOCK, JR., also known as HENRY B. PEACOCK, v. C. W. KISTLER, THE C. W. KISTLER COMPANY and E. L. JETER.

191 So. 301
En Banc
Opinion Filed October 6, 1939

*Sanders & Maxwell* and *Marshall F. Sanders* and *Roscoe Brunstetter,* for Appellant;

*Stapp, Gourley, Ward & Ward,* for Appellees.

THOMAS, J.—The sole question presented for determination by us is the propriety of an order of the circuit court denying a motion to dismiss a bill of complaint praying that the complainant be subrogated to the lien of the City of Miami for taxes paid in the course of negotiations by him with the owner for the purchase of the property taxed.

The allegations of the pleading, or so much of them as are relevant to the point we are to decide, follow: The prospective purchaser paid five hundred dollars to the owner and it was agreed by them that the former would have the choice of three methods of purchase. All were abandoned and a fourth adopted whereby title should pass within thirty days after approval by a named attorney. The stipulated price was $8,750 and all taxes were to be "prorated as of the date of closing less a tax moratorium for ten years totaling $1995.00." The remainder of the purchase price, after deducting deposits theretofore made, was to be paid in cash. An outstanding mortgage to one of the defendants here was to be assigned to the buyer. Subsequently an additional payment of $925.08 was made to the owner, the letter transmitting it containing the statement that it and the amount formerly paid were "to enable you to pay off all of the city taxes" and that the total amount of $1425.08 was "to be credited as a part of the purchase price * * *." The communication contained a recapitulation showing that upon actual transfer $5,329.92 would be due seller after deducting the amount of the moratorium on *state and county* taxes and the sum of the cash deposits, $1,425.08.

The seller used the payments amounting to $1,425.08 "in payment of taxes due the city * * *" and "received tax receipts therefor."

The bill of complaint details alleged defects in the title including the incumbrance of the defendant Peacock to which we have referred. Because of the imperfect title the sale was not consummated.

It is obvious that the moneys paid by complainant were in part payment of the purchase price of property and that it was the intention of the parties that these advances be used to discharge the tax indebtedness.

In a decision, Boley v. Daniel, 72 Fla. 121, 72 South. Rep.

644, this court commented on the two types of subrogation, "legal" and "conventional," and distinguished between them. We will confine our observations in the instant case to the former, inasmuch as counsel for appellees concede that the facts alleged do not establish the latter.

"Subrogation is the substitution of one person in the place of another with reference to a lawful claim of right. Subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid. This is called 'legal subrogation.' Conventional subrogation depends upon a lawful contract, and occurs where one having no interest in or relation to the matter pays the debt of another, and by agreement is entitled to the securities and rights of the creditor so paid." 72 South. Rep. text 645.

Assuming that complainant did in fact pay the debt of another, it is difficult to see how, in the circumstances we have given, there could have been any liability or obligation on the part of complainant to pay the taxes, or how any emphasis can be given his right to do so. There was certainly no confidential relationship between the one who was selling and the other who was buying, both seeking to make their agreement certain and binding by a series of contracts, letters and memoranda.

The clear intent of the complainant was to advance funds on the purchase price of property which he had contracted to buy, as distinguished from a purpose to pay the debt of another. It is true that reference was made to the payment of taxes with these deposits, however, the phraseology employed by the purchaser did not indicate that the seller was obligated to spend the money to that end but only that he would thereby be enabled to satisfy the city's lien.

Our study of the elements of subrogation leads us to conclude that they were not present in the transaction outlined in the bill of complaint.

It was quoted in Rice v. Winters, 45 Neb. 517, 63 N. W. Rep. 830, which was cited in Boley v. Daniel, *supra,* that:

"The doctrine of subrogation is not administered by courts of equity as a legal right, but the principle is applied to subserve the ends of justice, and to do equity in the particular case under consideration. It does not rest on contract, and no general rule can be laid down which will afford a test, in all cases, for its application. Whether the doctrine is applicable to any particular case depends upon the peculiar facts and circumstances of such case!." 63 N. W. Rep. text 832.

It is not indispensable to the needs of justice or the principles of equity that complainant in this case be given relief by subrogation and nothing is intended by this decision to deprive him of any remedy he may have to recover the money he paid without consideration.

Although we have previously opined that "the doctrine of subrogation has been steadily expanding and growing in importance," Federal Land Bank of Columbia v. Godwin, 107 Fla. 537, 145 South. Rep. 883, there seems to be no real demand to extend its influence to include a situation with which we deal here.

The gist of this case is that complainant made a deposit on the purchase price of real estate to "enable the vendor to pay his taxes. In acting thus he did not assume a position that entitles him to be substituted for the creditor, City of Miami, as holder of a claim for taxes, and he must find solace in some remedy other than that afforded those who in certain peculiar circumstances may resort to equity for protection under the doctrine of subrogation.

The order denying a motion to dismiss the bill of complaint is reversed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.