271 So.2d 170 (1972)
C.R. FORTENBERRY et al., Appellants,
v.
Lester N. MANDELL et al., Appellees.
No. 71-726.
District Court of Appeal of Florida, Fourth District.
August 31, 1972.
*171 William E. Weller of Rose & Weller, Cocoa Beach, and Walter C. Shepard of Shepard, Shepard & Minot, Cocoa, for appellants.
John M. Robertson of Robertson & Williams, Orlando, for appellees.
REED, Chief Judge.
The issue on this appeal conecerns the el elements of proof required of a plaintiff who is seeking to enforce the debt of another by legal subrogation.
This is an appeal from a final judgment of the Circuit Court for Orange County, Florida, in a case tried without a jury. On 26 November 1968 the plaintiffs filed an amended complaint which alleged that on 14 June 1963 the defendant Rockett Builders, Inc., executed a note and mortgage to American Federal Savings and Loan Association for $43,300.00. The other named defendants were alleged to have endorsed the note before it was delivered to American Federal. A copy of the mortgage is attached to the complaint. The plaintiffs joined in the execution of the mortgage, but did not assume the obligation to pay the note which it secured. Plaintiffs executed the mortgage solely for the purpose of imposing the mortgage lien on the plaintiffs' interest in the real property described in the mortgage. The complaint avers that the defendants defaulted on the note which the plaintiffs thereafter paid. The relief sought was a declaration that the plaintiffs were entitled to sue the defendants on the promissory note and a judgment thereon for the amount paid on the note, together with interest, costs, and attorneys fees.
The evidence and the factual stipulations of the parties indicate that the plaintiffs as owners of a tract of land in Brevard County, Florida, executed a ninety-nine year lease to the defendant Rockett Builders, Inc., on 15 November 1962. The lease term commenced 1 January 1963. The lease provided that any building or permanent improvement erected on the premises would immediately become the property of the lessors. The lease also provided that in the event the lessee desired to mortgage the leased property, the lessors, without assuming any liability for the repayment of the debt, would join in the execution of the mortgage. On 14 June 1963 the defendant Rockett Builders, Inc., executed a note to American Federal Savings and Loan Association in the amount of $53,300.00 payable in monthly installments. The note was endorsed by the other defendants as accommodation endorsers. The note was secured by a mortgage of even date executed by Rockett Builders, Inc., to American Federal Savings and Loan Association. The mortgage encumbered the real property subject to the ninety-nine year lease, and the plaintiffs joined in the mortgage in accordance with the requirements of the lease.
The note went into default on 1 March 1965 and was paid off by plaintiffs on 3 June 1968. The amount paid to extinguish the principal and interest due on the note *172 was $58,142.87. Additionally, defendant Rockett Builders, Inc., went into default on the ninety-nine year lease. As a consequence the plaintiffs retook possession of the leased premises either by voluntary relinquishment by the lessee or by a judicial eviction. It is expressly admitted by the defendants that there was no foreclosure of the mortgage.
At the completion of all the evidence, the trial court entered a final judgment in favor of the defendants which found: "... that Plaintiffs failed to sustain the burden of proof required of them in showing that they are entitled to any relief, and further failed to show by the greater weight of the evidence the extent of damages to Plaintiffs, if any... ."
"Legal subrogation" is a remedy developed in equity to provide relief "... where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid...." Boley v. Daniel, 1916, 72 Fla. 121, 72 So. 644, 645. The remedy is not available indiscriminately. The person paying the debt of another must have some obligation or other rational justification for intervening in the relationship between debtor and creditor. See Boley v. Daniel, supra, and Dodge v. Kistler, 1939, 140 Fla. 209, 191 So. 301. The plaintiffs here had such justification by reason of their fee ownership of the real property subject to the American Federal Mortgage. Trueman Fertilizer Co. v. Allison, Fla. 1955, 81 So.2d 734; Furlong v. Leybourne, Fla. 1964, 171 So.2d 1. The plaintiffs' payment of the note to the creditor  American Federal  entitled plaintiffs to subrogation in equity to the position of the creditor. It follows, therefore, that plaintiffs succeeded to all rights of American Federal, including the right to recover a judgment on the note. Cuesta, Rey & Co. v. Newsom, 1931, 102 Fla. 853, 136 So. 551, 555. For obvious reasons, the plaintiffs sought a judgment on the note rather than foreclosure of the mortgage. Since plaintiffs were entitled to enforce the legal obligation from the defendants to American Federal, the plaintiffs' proof, when coupled with the facts stipulated by the parties, was sufficient to sustain a judgment on the note for the plaintiffs.
The trial judge apparently found for the defendants on the ground that the plaintiffs had not shown the value of the improvements placed on the land by the defaulting lessee, Rockett Builders, Inc., in order that such might be set off against the amount of the subrogation claim. In support of the trial judge, the defendants suggest that the plaintiffs' position was analogous to that of a mortgagee who, after having acquired title to the mortgaged realty by foreclosure, seeks a deficiency judgment. Such a creditor, according to defendants, would be required to credit against the debt the value of the security reduced to possession by foreclosure. We think this analogy is not appropriate. It ignores the fact that the plaintiffs were the owners of the security (subject to a leasehold estate) at the time it was mortgaged and acquired possession thereof not by foreclosure, but by termination of the lease. If the contention of the plaintiffs and the position of the trial court is correct, the equitable remedy of subrogation would be effectively destroyed for anyone who permits his own property to be used as security for the debt of another.
Under the facts of this case, we fail to see how the plaintiffs would be unjustly enriched by receiving both the improvements and reimbursement for the monies paid to American Federal. Unjust enrichment involves receipt of more than one is due, as where a debt is paid twice. The plaintiffs had a legal right to the improvements by virtue of their lease with Rockett Builders, Inc. They had a separate and additional right to enforce American Federal's note by virtue of their payment of the same to protect their real estate from foreclosure. Furthermore, if unjust enrichment were a factor to be considered in *173 this case, it would have been an affirmative defense or an avoidance as to which the burden of proof would rest on defendants. Our scan of the record  which of necessity was directed by the briefs of the parties  indicates that there was no competent substantial evidence of unjust enrichment in that there appears no substantial evidence as to the value of the improvements to the plaintiffs. Compare Woodhull v. Rosenthal, 1875, 61 N.Y. 382, 31 N.Y.App. 120.
The final judgment is reversed and the cause is remanded with instructions to enter judgment for the plaintiffs consistent with the foregoing, with reasonable attorney's fees to be fixed by the trial court for services of the plaintiffs' attorney in the trial court and appellate court.
Reversed and remanded.
OWEN and MAGER, JJ., concur.