495 So.2d 204 (1986)
WEST AMERICAN INSURANCE COMPANY, Appellant,
v.
YELLOW CAB COMPANY OF ORLANDO, INC., Appellee.
No. 85-1065.
District Court of Appeal of Florida, Fifth District.
August 28, 1986.
Rehearing Denied September 30, 1986.
*205 J. Charles Ingram of Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Orlando, for appellant.
William L. Mims, Jr. of Sanders, McEwan, Mims & Martinez, Orlando, for appellee.
ORFINGER, Judge.
West American Insurance Company appeals a judgment NOV entered in a contribution action. For the reasons discussed, we reverse.
In 1981 a collision occurred between a taxi owned by Yellow Cab Company of Orlando, Inc., (Yellow Cab) and an automobile operated by an insured of West American Insurance Company (West American), resulting in injury to a passenger in the vehicle insured by West American. The injured passenger brought an action against both West American and Yellow Cab. Yellow Cab refused to negotiate, but the injured passenger negotiated a settlement with West American in the amount of $30,000, and executed a release of all claims as to both West American and Yellow Cab.
West American then brought a contribution action against Yellow Cab, alleging (1) that the settlement amount was reasonable, (2) that the injured passenger had released all claims against both defendants, and (3) that West American had paid more than its insured's pro rata share of any potential common liability. A jury trial was held, and the jury returned a verdict finding that West American's settlement with the injured passenger was reasonable and that Yellow Cab was 100% responsible for the subject accident. In accordance with the jury's verdict, final judgment was entered for West American for the full amount of the settlement, but the trial court later set it aside and entered judgment for Yellow Cab notwithstanding the jury's verdict, holding that because the jury had found that Yellow Cab was 100% responsible for the accident, the parties were not joint tortfeasors as contemplated by the contribution statute.
*206 At common law, the right of contribution did not exist among joint tortfeasors. This common law restriction was abolished in Florida with the adoption of the Uniform Contribution Among Tortfeasor's Act. Section 768.31, Florida Statutes (1985) states in pertinent part as follows:
Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
§ 768.31(2)(a), Fla. Stat. (1985). The statute provides that the right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. § 768.31(2)(b), Fla. Stat. (1985). The statute further provides that a tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement, or in respect to any amount paid in a settlement which is in excess of what was reasonable. See § 768.31(2)(d), Fla. Stat. (1985).
A problem arises in this case because the fact-finder in the contribution action determined that the plaintiff seeking contribution was not a tortfeasor. Other courts which have considered similar statutes have held that to recover on the basis of contribution, there must be a common liability to a third person at the time of the accident between the one seeking contribution and the one from whom contribution is sought, created by their concurrent negligence. Thus, the party seeking contribution must plead and prove, among other necessary allegations, his own negligence and the negligence of the other tortfeasor. See Farmer's Mutual Automobile Ins. Co. v. Milwaukee Automobile Ins. Co., 8 Wis.2d 512, 99 N.W.2d 746 (1959); Alamida v. Wilson, 53 Hawaii 398, 495 P.2d 585 (1972). Section 768.31, Florida Statutes clearly requires that there be a common liability. Because West American was unable to prove common liability, the trial court was correct in holding that contribution would not lie.
To deny recovery, however, because West American was unable to prove its own liability produces a most unfair and inequitable result when it is apparent that West American is entitled to recovery under principles of subrogation. Both the Wisconsin court and the Hawaii court in the previously cited cases recognized that recovery could be had by way of subrogation, although not by contribution when common liability was lacking. Subrogation provides an equitable remedy for restitution to one who in the performance of some duty has discharged a legal obligation which should have been met, either wholly or partially, by another. See Underwriters at Lloyds v. City of Lauderdale, 382 So.2d 702 (Fla. 1980); Jones v. Williams Steel Industries, Inc., 460 So.2d 1004 (Fla. 5th DCA), rev. denied, 467 So.2d 1000 (Fla. 1984); Allstate Life Ins. Co. v. Weldon, 213 So.2d 15 (Fla. 3d DCA 1968). Florida recognizes two types of subrogation, conventional and legal. See Dixie Nat. Bank v. Employer's Commercial Union Inc. Co., 463 So.2d 1147 (Fla. 1985). In the early case of Boley v. Daniel, 72 Fla. 121, 72 So. 644, 645 (1916), the supreme court offered the following bench-mark definition:
Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. Subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid. This is called "legal subrogation." Conventional subrogation depends upon a lawful contract, and occurs where one having no interest in or relation to the matter pays *207 the debt of another, and by agreement is entitled to the securities and rights of the creditor so paid.
Legal subrogation, then, is a creature of equity that does not depend on contract, but which follows as a legal consequence of the acts and relationship of the parties. See 12 Fla.Jur.2d, Contribution, Indemnity and Subrogation § 18 (1979); Dantzler Lumber and Export Co. v. Columbia Casualty Co., 115 Fla. 541, 156 So. 116 (1934). The doctrine is based on the policy that no person should be unjustly enriched by another's loss, and may be invoked wherever justice demands its application, irrespective of technical legal rules. See United States Fidelity and Guaranty Co. v. Bennett, 96 Fla. 828, 119 So. 394 (1928).
Subrogation in equity is not available to a mere volunteer or stranger who, without any duty or obligation to intervene and without being so requested, pays the debt of another. See Fortenberry v. Mandell, 271 So.2d 170 (Fla. 4th DCA 1972), cert. discharged, 290 So.2d 3 (Fla. 1974). The right of subrogation is not necessarily confined to those who are legally bound to make payments, but extends as well to persons who pay the debt in self protection, since they might suffer loss if the obligation is not discharged. See 12 Fla.Jur.2d, Contribution, Indemnity, and Subrogation § 21 (1979). In the face of the lawsuit in which it was named as a defendant, West American was not a volunteer but settled with the injured passenger to protect its own interests. See Kennedy-Ingalls Corp. v. Meissner, 5 Wis.2d 100, 92 N.W.2d 247 (1958); Restatement of the Law of Restitution § 71(2), at 290 (1937).
The problem here is that West American did not plead for subrogation but only for contribution. Florida Rule of Civil Procedure 1.190(b) states:
Amendments to Conform with the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits. [Emphasis added].
Hindsight tells us that a count for legal subrogation should have been included in the complaint to cover the possible jury finding such as occurred here, but if the issues involved in a claim for legal subrogation were actually tried by the parties, then the failure to so plead or to amend the pleadings after trial are not fatal to the result.
In the instant case, a cause of action for legal subrogation was fully supported by the evidence presented at trial. To protect itself, and not as a volunteer, West American as insurer paid a debt in full which in equity should have been paid by Yellow Cab. The jury found that the payment was reasonable and that Yellow Cab was 100% at fault. Not permitting a recovery in this case because West American was found not to be at fault for the accident produces an inequitable and absurd result and would unjustly enrich Yellow Cab. All the elements of subrogation were tried. Only the pleading was missing, and Rule 1.190(b) removes that omission as a barrier to recovery here.
The order entering judgment NOV for Yellow Cab is reversed, and the cause is *208 remanded with directions to reinstate the judgment on the jury verdict.
REVERSED and REMANDED.
COBB and DAUKSCH, JJ., concur.