**In re ALL AMERICAN MANUFACTUR-ING CORPORATION, Debtor.**

**Bankruptcy No. 94–10904–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

July 31, 1995.

Gregory A. Martin, Aragon, Martin, Burlington & Crockett, P.A., Miami, FL, for debtor.

Reggie David Sanger, Reggie David Sanger, P.A., Fort Lauderdale, FL, for Marika Tolz, receiver of Cash Your Check, Inc.

### ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM OF CASH YOUR CHECK, INC.

ROBERT A. MARK, Bankruptcy Judge.

On June 1, 1995, the Court conducted a hearing on the Debtor's objection to the claim of Cash Your Check, Inc. ("CYC"). For the reasons that follow, the Debtor's objection is overruled and the claim will be allowed as filed.

### BACKGROUND

The Debtor is a corporation engaged in the manufacture of children's clothing, and has several hundred employees. CYC is a check cashing agency. Shortly prior to the Debtor filing for bankruptcy, CYC had cashed payroll checks for some of the Debtor's employees, and upon presenting them to the Debtor's bank for payment the checks were returned for insufficient funds.

CYC filed a proof of claim asserting that its claim of $1,401.16 for dishonored checks should be treated as a priority claim under 11 U.S.C. § 507(a)(3), which gives a third priority to claims earned within 90 days before the petition date or cessation of the debtor's business for "wages, salaries, or commissions ... earned by an individual."

The Debtor filed an objection to CYC's claim, recommending that it be allowed as an unsecured, non-priority claim upon presentation of the original unpaid checks. Marika Tolz, as receiver of CYC, responded to the objection by enclosing copies of the original checks and asserting that the claim should be allowed as filed.

At hearing on the objection, the Debtor argued that the claims for the dishonored checks would only be entitled to priority status if asserted by the individual employees to whom the checks were payable, and that upon transfer of the check to CYC, CYC's claim became a non-priority unsecured claim against the estate. CYC responds that it steps into the shoes of the employees as an assignee upon cashing the payroll checks, and accordingly that its claim is entitled to priority status.

### DISCUSSION

This is not the first bankruptcy case in which an entity that cashed a debtor's payroll checks which subsequently "bounced" sought wage priority status. The facts of *In re A.D.S.T., Inc.*, 169 B.R. 64 (Bankr.D.Idaho 1994) and *In re Missionary Baptist Foundation of America, Inc.*, 667 F.2d 1244 (5th Cir.1982) are virtually identical. The reasoning followed in those cases, which this Court adopts, compels the conclusion that an entity that cashes payroll checks, and is not a "subrogee," is entitled to priority treatment.

The fundamental distinction drawn in those cases is between a "subrogee" and an "assignee." Under 11 U.S.C. § 507(d), an entity that is "subrogated" to the rights of a wage claim holder is not entitled to the priority status accorded to wage claims. An entity nonetheless may be an assignee or hold the claim as something other than a subrogee and still be entitled to wage priority.

In *Missionary Baptist Foundation,* the Fifth Circuit affirmed that an entity that cashed paychecks for employees of a debtor was an assignee rather than a subrogee, and therefore was entitled to assert the employees' wage priority. The court, upon analyzing the statutory text and legislative history as well as the status of the law prior to the

adoption of § 507(d) in the Bankruptcy Reform Act of 1978, concluded that the provision was not intended to alter the rights of assignees to assert the priority status of the assigned claim. *Missionary Baptist Foundation*, 667 F.2d at 1246–47.

Likewise, in *A.D.S.T.*, the court determined that a claimant that had voluntarily cashed employee payroll checks of a debtor, while under no legal obligation to do so, was not a subrogee under state law and accordingly not prohibited from asserting priority status. The *A.D.S.T.* court found that a claimant need not prove it is an assignee, so long as it holds the claim as something other than a subrogee. *A.D.S.T.*, 169 B.R. at 65.

■ This Court agrees with the logic and reasoning of these cases, and finds that unless it is a subrogee, an entity that holds a claim is entitled to assert the priority status the claim would receive if asserted by the original holder. Accordingly, CYC is entitled to wage priority status if it is not a subrogee of the employees who cashed their checks at CYC.

■ Because "subrogated" as used in § 507(d) is not defined in the Bankruptcy Code, and because the nature of a claim is determined by reference to non-bankruptcy law, the Court must analyze whether CYC is a subrogee under Florida law. *See A.D.S.T.*, 169 B.R. at 66. In Florida, the doctrine of subrogation applies where a party having no interest in the matter pays the debt of another and by an agreement is entitled to the rights of the creditor so paid. The payment must be made under an agreement and with the expectation of being subrogated, rather than as a volunteer. *See, e.g., Boley v. Daniel*, 72 Fla. 121, 72 So. 644 (1916).

■ Here, CYC was under no legal or contractual obligation to cash the Debtor's payroll checks for the employees, and had no interest in the transactions between the Debtor and employees. Accordingly, its claim against the Debtor is not based on subrogation but rather is asserted as a voluntary assignee of the employees' claims. Because CYC as an assignee is not barred from asserting the employees' priority status un-

der § 507(d), CYC's claim should be afforded priority treatment under § 507(a)(3).

## *CONCLUSION*

In accordance with the foregoing, it is—

**ORDERED** that the Debtor's objection to the claim of Cash Your Check, Inc. is **OVERRULED** and the claim will be allowed as filed.

**DONE AND ORDERED.**