PER CURIAM.
Allstate Insurance Company (Allstate) appeals the lower court’s Final Judgment en *486 tered in its favor against Dr. Paul Glassman (Glassman) and Interamerican Car Rental, Inc. (Interamerican). We affirm.
Plaintiff Astrid Torres was riding as a passenger in her boyfriend, Glassman’s, rental car when they were involved in an intersection collision. Glassman, who had $25,000 in insurance coverage, had rented the car from Interamerican. Interamerican was self-insured for $200,000. Torres wanted to testify in favor of Glassman that he had the green light, so she did not sue him for negligence. Instead, she sued Allstate, her uninsured motorist (UM) carrier, as it stood in the shoes of the other tort-feasor driver involved in the accident, Danilo DeJesus, claiming that DeJesus was 100% liable for her damages.
Allstate answered the complaint, admitting that Torres was insured under an Allstate policy and demanded strict proof of Torres’ claim against it. Among its affirmative defenses, Allstate alleged that Torres’ recovery under “the alleged under-insured motorist policy” was subject to the terms, conditions, and limitations of the policy.
Allstate included with its Answer a third-party complaint against Glassman and Inter-american seeking contribution, based on Glassman’s negligence and Interamerican’s vicarious liability, asserting that as joint tort-feasors they were liable for contribution to Allstate for any injuries sustained by Torres.
The case went to trial. The jury verdict listed DeJesus and Glassman as the defendants for purposes of assessing their comparative fault. Glassman and DeJesus were each found 50% liable for the intersection collision. The jury found that Torres was not permanently injured and awarded her $40,936 in economic damages. The total award was reduced by Allstate’s $10,000 PIP coverage to $30,936. Since the jury found Glassman liable, Torres then moved for entry of judgment for the entire verdict against both Allstate and/or Glassman and Interam-erican. Allstate moved for entry of final judgment in its favor, arguing that Torres’ damages had not exceeded the available insurance coverage and only economic damages were awarded, making all the parties jointly and severally liable. Allstate also moved for entry of final judgment against Glassman and Interamerican.
After an unsuccessful attempt at mediation and after the parties submitted memoranda of law to the trial court, the court entered Final Judgment against Allstate for the full amount of the verdict for Torres, $30,936. The trial court then entered a Final Judgment in Allstate’s favor, against Glassman and Interamerican, for 50% of the verdict ($15,486), finding that Allstate had elected its remedy against Glassman and Interamerican by filing suit for contribution and was thus barred from full reimbursement of Torres’ verdict.
Allstate appealed both Final Judgments but then settled with Torres and paid off her judgment. This appeal concerns the third-party contribution action between Allstate, Glassman, and Interamerican and Allstate’s right to a Final Judgment in its favor for the full amount of the verdict for Torres.
Allstate raises several points on appeal. Although we affirm the trial court’s verdict, finding that Allstate is not entitled to recover from Glassman and Interamerican the full payment it made to Torres, we believe Allstate’s argument regarding equitable subro-gation merits discussion.
Allstate argues in its Reply Brief that under the doctrine of equitable subrogation, it should be allowed to recover from Glassman and Interamerican 100% of the payment it made to Torres. Allstate contends that because the jury found DeJesus 50% liable and Glassman 50% liable, both DeJesus and Glassman are joint tortfeasors and are each jointly and severally liable. Furthermore, Interamerican is vicariously liable for Glass-man’s negligent acts. Therefore, Glassman and Interamerican are jointly and severally liable for the entire amount of Torres’ damages, not just 50%. Thus, Allstate should be able to bring a subrogation action against Glassman and Interamerican to recover the entire $30,936 it paid to Torres. However, in its third-party complaint, Allstate pled a claim for contribution, not subrogation.
In our view, Allstate’s failure to plead a third-party claim for subrogation rather than contribution is fatal to its position. In the *487 Florida Supreme Court’s recent case of Dade County School Board v. Radio Station WQBA 24 Fla. L. Weekly S71, — So.2d -, 1999 WL 52015 (Fla. Feb. 4, 1999), the Court reiterated the long-standing rule that, “Generally, if a claim is not raised in the trial court, it will not be considered on appeal.” Id. at S72. In WQBA the Dade County School Board appealed a final judgment requiring it to reimburse WQBA and others for monies paid to settle various personal injury claims. Id. at S71. The jury returned a verdict in WQBA’s favor on an indemnity theory. However, because of the jury’s findings, WQBA had no claim for common law indemnity because there was no special relationship between the parties. Id. This Court affirmed the judgment in Dade County School Board v. Radio Station WQBA, 699 So.2d 701 (Fla. 3d DCA 1997), on the theory of equitable subrogation, even though that theory had never been pled in the trial court. On review, the Florida Supreme Court quashed that portion of the decision that affirmed the trial court’s ruling on the basis of equitable subrogation.
The Florida Supreme Court reaffirmed that a claim not raised in the trial court is waived. See WQBA 24 Fla. L. Weekly at S72, — So.2d at -, 1999 WL 52015; Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 537 So.2d 561, 563 (Fla.1988); Dober v. Worrell, 401 So.2d 1322, 1324 (Fla.1981). The Court further stated that the exception to this general rule is when the trial court’s ruling is correct albeit for the wrong reason, noting “ ... the ruling will be upheld if there is any theory or principle of law in the record which would support the ruling.” Id, Thus, if the verdict can be sustained on another basis, then “ ... the appellee can present any argument supported by the record even if not expressly asserted in the lower court.” Id. at S73.
The court then discussed West American Insurance Co. v. Yellow Cab Co. of Orlando, Inc., 495 So.2d 204 (Fla. 5th DCA 1986), regarding the proper application of the doctrine of equitable subrogation and as an example of when the “right for wrong reason” exception can be used. In West American, West American’s insured was involved in an automobile collision with a taxicab owned by Yellow Cab. The insured sued West Ameri-can and Yellow Cab. West American settled with its insured and secured a release of all claims against itself and Yellow Cab. West American then filed a contribution claim against Yellow Cab to recover the monies it had paid to its insured. Because a jury had determined that Yellow Cab was 100% negligent, the Fifth District concluded that West American was not a joint tortfeasor and thus could not sue Yellow Cab for contribution. However, the court allowed West American to recover on the basis of equitable subrogation, stating that West American “paid a debt in full which should have been paid by Yellow Cab.” West American, 495 So.2d at 207. The Fifth District found that the doctrine of equitable subrogation applied because West American secured a release which included Yellow Cab, and West American paid 100% of the debt. Id.
The Florida Supreme Court in WQBA said that the application of the doctrine of equitable subrogation was proper under the facts of West American. However, under the facts of the case before us, Allstate’s claim does not'fit the exception discussed in WQBA and West American. Allstate made a claim for contribution in the lower court and received what it had asked for: a finding that DeJe-sus and Glassman were each 50% at fault. Allstate now seeks to assert a claim which it had never previously pled to increase its judgment against Glassman from 50% to 100% of the loss Allstate paid to Torres. Under WQBA Allstate cannot do this because Allstate never recovered the judgment that it now seeks. The “right for the wrong reason” exception discussed in WQBA requires that a party have already recovered a judgment in order for the party to attempt to uphold it on another basis on appeal. Because that is not the situation here, we affirm the final judgment entered in favor of Allstate against Glassman and Interamerican for 50% of the verdict awarded to Torres.