18 So.3d 1099 (2009)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee of Karen Elizabeth Shoup, f/k/a Hebel, Appellant,
v.
Scott David JOHNSON, Appellee.
No. 2D07-5854.
District Court of Appeal of Florida, Second District.
February 20, 2009.
*1100 Tammi J. Driver of Dalan & Katz, P.L., Clearwater, for Appellant.
Thomas E. Reynolds of Rahdert, Steele, Bole & Reynolds, P.A., St. Petersburg, for Appellee.
KELLY, Judge.
Scott Johnson and State Farm's insured were involved in an automobile accident in June 2000. In January 2003, State Farm paid its insured over $40,000 in uninsured motorist benefits for the injuries she sustained in the accident. In October 2005, State Farm sued Johnson seeking reimbursement for the money it had paid to its insured. Johnson ultimately moved for summary judgment arguing that State Farm was seeking contractual rather than equitable subrogation and therefore its claim was barred by the statute of limitations. The trial court agreed and granted the motion. Whether the trial court was correct turns on whether it properly determined that State Farm's claim was one for contractual rather than equitable subrogation.
"Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right." West Am. Ins. Co. v. Yellow Cab Co. of Orlando, Inc., 495 So.2d 204, 206 (Fla. 5th DCA 1986). Florida recognizes two types of subrogation: conventional or contractual subrogation and equitable or legal subrogation. Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638 (Fla.1999). Conventional or contractual subrogation arises from a contract between the parties establishing an agreement that the party paying the debt will have the rights and remedies of the original creditor. Equitable or legal subrogation is not created by a contract but by the legal consequences of the acts and relationships of the parties. Id. at 646. The doctrine is based on the policy that no person should benefit by another's loss, and it "may be invoked wherever justice demands its application, irrespective of technical legal rules." West Am. Ins. Co., 495 So.2d at 207.
State Farm contends that its complaint states a claim for equitable subrogation. We agree. A cause of action for equitable subrogation arises where:
(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party.
*1101 Dade County Sch. Bd., 731 So.2d at 646. In tort cases, the party seeking subrogation must have obtained a release for the other party responsible for the debt. Id. at 647; Welch v. Complete Care Corp., 818 So.2d 645, 648 (Fla. 2d DCA 2002).
Here, acting not as a volunteer but in order to protect itself from claims, State Farm paid a debt in full to its insured which in equity should have been paid by Johnson. In discharging this obligation, State Farm also obtained a release for Johnson from its insured. Because State Farm filed its complaint within four years of paying the claim, we reverse the final summary judgment entered in favor of Johnson and remand for further proceedings. See Dominion of Canada v. State Farm Fire & Cas. Co., 754 So.2d 852, 856 (Fla. 2d DCA 2000) (holding that the limitations period for filing an equitable subrogation action begins when the subrogee makes payment to the subrogor), disapproved on other grounds, Metropolitan Cas. Ins. Co. v. Tepper, 2 So.3d 209 (Fla. 2009).
Reversed and remanded.
FULMER and WHATLEY, JJ., concur.