ETTA BRANNON v. METTA V. HILLS

149 So. 556.
Division A.
Opinion Filed July 18, 1933.

*Thomas A. Dyer,* for Appellant;

*T. E. Lucas* and *John J. Twomey,* for Appellee.

DAVIS, C. J.—The appellant, Etta Brannon, applied to a representative of the complainant below, Metta V. Hills, for a loan of money with which to pay off a mortgage on the property against which the decree was rendered, that is now before us on this appeal. In consideration of the loan made, the defendant gave a mortgage on the property that at the time stood encumbered by an outstanding mortgage, for the purpose of discharging which, there is substantial evidence to show was the object of the new loan. The mortgage given to secure the new loan was apparently valid at the time. Subsequent events disclosed that it was unenforceable because based on a promissory note signed only by a married woman as maker, she being also the mortgagor. The present suit was brought on an amended bill framed in a double aspect—that is, to recover the money lent either by charging the married woman's property for it, as on an agreement in writing for its benefit, or by decreeing subrogation to the first mortgage for the purpose of discharging which the money procured on the subsequent mortgage had been applied for and obtained . The chancellor denied charging the property as that of a married woman subject to being charged in equity, but decreed subrogation. On this appeal the correctness of the final decree is questioned on its merits, both as to the sufficiency of the pleadings, and the complainant's evidence to support it.

In our recent decisions in Federal Land Bank of Columbia v. Godwin, 107 Fla. 537, 145 Sou. Rep. 883, and Federal Land Bank of Columbia v. Dekle, 108 Fla. 555, 148 So. 756, this Court has definitely aligned itself with the prevail-

ing rule now generally obtaining in the United States to the effect that one who loans money on a defective mortgage for the purpose of discharging a prior valid mortgage on the same property, where it is made to appear that the money is to be used for that purpose, is ordinarily entitled to subrogation to the rights of the prior mortgage. Jones on Mortgages (7th Ed.) Vol. 2, page 413, par. 847e; 25 R. C. L. 1343. The holding of Boley v. Daniel, 72 Fla. 121, 72 Sou. Rep. 644, L. R. A. 1917A 734, has not been considered by us in the two cases recently decided, as having been intended to announce a ruling contra. Boley v. Daniel, *supra,* related to payments by "volunteers" pure and simple. In cases like those recently decided by us, as above stated, our holding has been that a person advancing money on an apparently good and sufficient new mortgage, to pay off an encumbrance which the money was being obtained to pay off, and which was used for the purpose, is not to be regarded as such a mere "volunteer" as to preclude the right of subrogation, in cases where the new security given for the loan used to pay off the old encumbrance, turns out to be void after having been represented by the giver of it is being good at the time of its rendition. As has been well put in the able opinion of Mr. Justice TERRELL in Federal Land Bank v. Goodwin, *supra,* subrogation having been greatly expanded in this country as an equitable doctrine, "may be employed to relieve from fraud or mistake" where it worked no injustice to the rights of innocent third parties.

The case now before us was decided on the principle just stated, and that, we believe correctly on the facts and inferences shown of record. Errors of procedure complained of as having occurred prior to the decree, do not appear to have been harmful.

Affirmed.

494

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.