PEARSON, Judge.
The appellant was the purchaser at a foreclosure sale. After the sale had been completed, but before it had been confirmed and certificate of title issued, the clerk of the circuit court accepted the payment of the sum specified in the final judgment and issued a certificate of redemption. The appellant then filed a petition in the trial court in which he prayed that the certificate of redemption be set aside and the sale be confirmed. The court denied appellant’s petition and issued an order directing that all monies paid by the appellant as purchaser be returned to him. This appeal is from that order. It is apparent that a similar situation is unlikely to arise in the future because of the change in Fla.Stat. § 45.031, F.S.A., as amended by Chapter 71-5, Laws of Florida, 1971, which eliminates the ten day period after a sale during which redemption may occur. Since the statutory change took effect. January 1, 1972, we feel that a full discussion of the facts of this case is not required. See Trawick, Real Property Law Reform in Florida, 45 Fla.B.J. 402 (1971).
The appellee is the holder of a junior mortgage on the subject property. He timely exercised a claimed right of redemption if the right existed. Therefore, the only question of law to be decided on this appeal is: Does a junior mortgagee have a right of redemption against a purchaser at a foreclosure sale upon the foreclosure of a senior mortgage when the junior mortgagee is not made a party to the foreclosure of the senior mortgage? The trial judge correctly determined that the right of redemption did exist under these circumstances, and no error has been demonstrated. When a foreclosure sale is conducted and the junior mortgagee is not a party to the proceedings, the purchaser at the foreclosure sale takes the premises sub *474 ject to the omitted junior mortgagee’s right to redeem from the senior mortgage. See Quinn Plumbing Co. v. New Miami Shores Corporation, 100 Fla. 413, 129 So. 690 (1930); 2 Wiltsie on Mortgage Foreclosure § 1149 (4th ed. 1927) ; 9 Thompson on Real Property § 4822 (1958).
The right of redemption exists and may be freely exercised until the sale is confirmed by the execution and filing of a certificate of title. See Rosen v. Hunter, Fla.App.1969, 227 So.2d 689; 5 Tiffany, Real Property § 1500 (3rd ed. 1939). Cf. Roy v. Matheson, Fla.App.1972, 4th D.C.A., 263 So.2d 604.
Affirmed.