529 So.2d 303 (1988)
SOUTHERN FLORIDABANC FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,
v.
Kenneth M. BUSCEMI, Lela R. Buscemi, Suncrest Property Planners, Inc., a Florida Corporation, and Marks Landscape and Paving Company, Appellees.
SOUTHERN FLORIDABANC FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,
v.
SUNCREST PROPERTY PLANNERS, INC., Rocco Pesiri, an Individual, Dolores Pesiri, an Individual, and Kenneth M. Buscemi, and Lela R. Buscemi, His Wife, Appellees.
Nos. 87-2136, 87-2405.
District Court of Appeal of Florida, Fourth District.
July 13, 1988.
Rehearing Denied August 31, 1988.
Nathan E. Nason of Nason, Gildan, Yeager & Gerson, P.A., West Palm Beach, for appellant.
Kenneth H. Renick and Darryl P. Figueroa of Renick & Singer, Lake Worth, for appellees.
PER CURIAM.
Both Southern Floridabanc Savings Association (SFB) and Kenneth and Lela Buscemi brought foreclosure actions on their respective mortgages on the same property. These actions were consolidated. The Buscemis moved for partial final summary judgment, alleging their mortgage took priority. Their motion was granted. Subsequently the Buscemis were granted a final judgment of foreclosure and a date was set for foreclosure sale. SFB appeals. We reverse and remand.
In connection with the sale of a parcel of land to Suncrest Property Planners, Inc., appellees Buscemi took back a purchase money mortgage which provides for its subordination to a $148,900 mortgage given by SFB or another lending institution approved by the mortgagees. This provision of the mortgage deed is initialed by the mortgagees and the president of the buyer. This mortgage was recorded May *304 31, 1985. The mortgage given the buyer by SFB is dated June 4, 1985, and was recorded on June 10, 1985. No subordination agreement from the Buscemis was recorded with the SFB mortgage. The absence of such recorded subordination agreement weighed heavily in the trial court's determination that the Buscemis' mortgage took priority.
We conclude the trial court misapplied this court's opinion in Bank of South Palm Beaches v. Stockton, Whatley, Davin & Company, 473 So.2d 1358 (Fla. 4th DCA 1985), and appellees misapply the similar case of Williams, Salomon, Kanner & Damian v. American Bankers Life Assurance Company of Florida, 379 So.2d 119 (Fla. 3d DCA 1979). In Bank of South Palm Beaches, the second mortgage and, in American Bankers, the assignee of the second mortgage, had not been a party to a subordination agreement which would have had the effect of consolidating a prior mortgage with a later one and giving the new mortgage priority over the second mortgage. The upshot was that in each case the appellate court found that the subordination agreement did not bind the holder of the second mortgage. The trial court and the Buscemis perceive SFB here as being in the same shoes as the second mortgagee or the second mortgage assignee in these cases, and as being neither bound by or able to demand compliance with the subordination provision of the Buscemis' purchase money mortgage. It is quite evident that the present facts and circumstances are radically different from those in the two cited cases: here, there was an executed and duly recorded subordination provision making the mortgage which was earlier in time subordinate to the subsequent mortgage taken by SFB; and SFB would benefit from, not be injured by, the subordination provision.
The Buscemis executed a subordinating clause in the mortgage they took from the buyer, explicitly making the expected mortgage of present appellant superior to the Buscemi's mortgage. They cannot now argue that appellant should not benefit from that provision because it was not a party to that agreement, or because there was no separate subordination agreement recorded with the appellant's mortgage. The reading of appellees and the trial court of Bank of South Palm Beaches, to the effect that there must be a separate subordination agreement, with an inference that the subordination provision of the Buscemi mortgage is thus ineffective, is erroneous. The need for an executed agreement to subordinate in Bank of South Palm Beaches was predicated on the fact there was there no subordinating provision anywhere, subscribed to by the party whose interest would be qualified thereby. Had that mortgagee signed a clause of that kind in any valid agreement affecting the property and mortgages involved in that case, that would have been sufficient and effective.
Appellant has found a foreign opinion addressing the same issue as is here on appeal. The New York appellate case of Comptroller of the State of New York v. Gards Realty Corp., 68 A.D.2d 186, 416 N.Y.S.2d 821 (App.Div. 1979), quotes Londner v. Perlman, 129 A.D. 93, 113 N.Y.S. 420 (App.Div. 1908), affirmed, 198 N.Y. 629, 92 N.E. 1090 (1910), to the effect that one who put it in the power of the builders to borrow a building loan on the faith of his promise to subordinate his purchase money mortgage would not now be heard to repudiate his agreement. The Londner court went on to say it was immaterial that there was no further subordination agreement with especial reference to the construction mortgage, for the purchase money mortgagee had legally bound himself to execute such an agreement had he been asked to. 68 A.D.2d at 189-190, 416 N.Y.S.2d at 824.
As appellant points out, a mortgage foreclosure is an equitable action; and equity will not allow the appellees here to evade the duty they undertook in the purchase money mortgage.
Appellant urges further that if the above legal argument is not accepted by this court, the doctrine of promissory estoppel can be the ground for reversal. To the extent the appellees' promise caused the buyer to rely to its detriment, this reasoning would stand; but the buyer is not suing *305 anyone. Appellant's reliance on the purchase money mortgagee's promise is, however, the basis for the Londner reasoning; in other words, this argument is essentially the same as the preceding one. Appellant relied on the recorded purchase money mortgage provision subordinating that mortgage to appellant's mortgage; appellees may not now renege on their promise merely because no subordination agreement was executed in connection with the appellant's mortgage, as appellees were legally bound to execute such an agreement had it been presented to them. Appellees' argument that promissory estoppel will not apply because appellees expressed a future intention rather than giving up a present right is not correct; by means of the subordinating provision of the mortgage taken by the appellees they gave up the present priority of their lien over all subsequent ones.
Appellant did not seek summary judgment in the trial court. On remand the trial court is not directed to enter final judgment for appellant but may entertain such further pleadings and evidence as it deems appropriate and necessary to resolve the material issues of fact.
ANSTEAD, GLICKSTEIN and GUNTHER, JJ., concur.