ERVIN, Judge.
Credithrift, Inc., appeals from a final judgment of foreclosure determining that its mortgage was inferior and subordinate to the mortgage held by appellees, Robert S. Knowles and David M. Knowles, and determining that appellant was not entitled to relief under the doctrine of conventional subordination. We affirm as to both points raised.
Regarding the priority issue, appellant contends that its mortgage, which was executed prior to appellees’ mortgage, but recorded after appellees’ mortgage, is superior to appellees’ mortgage. In support of its position, appellant relies upon the following language contained in appel-lees’ mortgage documents:
SUBORDINATION: Mortgagees agree that they will subordinate their purchase money mortgage to other mortgages and if required to do so, Mortgagees shall execute a separate subordination agreement subordinating the lien of their purchase money mortgage.
The collateral for the mortgage herein may be substituted with like or higher valued property based upon the remaining value of the mortgage at the request of Mortgagor.
This mortgage is subject to and inferior to all prior mortgages. In the event there is a superior mortgage in dignity and in priority of the lien herein and in the event that a default shall occur in any such prior mortgage said default shall constitute a default in the mortgage herein whereby all principal and accrued interest owing at the time of said default shall be accelerated and become immediately due and payable.
Appellees, on the other hand, contend that the above language is ambiguous and that it was their understanding that a substitution of collateral was required, which was not offered, before they were legally bound to subordinate their mortgage to any other mortgage.
We agree with appellees that the above language, taken as a whole,[1] establishes the existence of a latent ambiguity, thereby permitting the finder of fact to resolve the conflicting evidence in determining the correct interpretation of the contract language. See Griffin v. Federal Deposit Ins. Corp., 532 So.2d 1358, 1360 (Fla. 2d DCA 1988) (citing Bunnell Medical Clinic, P.A. v. Barrera, 419 So.2d 681, 683 (Fla. 5th DCA 1982)) (latent ambiguity exists when contract language appears to be clear, but some extrinsic fact or extraneous evidence creates a need for interpretation). We therefore agree that there was competent and substantial evidence for the trial court to find that appellees, in the absence of any attempt by the mortgagor to substitute collateral, were not legally bound to subordinate their mortgage to appellant’s mortgage. Cf. Southern Floridabanc Fed. Sav. & Loan Ass’n v. Buscemi, 529 So.2d 303, 303 (Fla. 4th DCA 1988) (in the absence of any ambiguity, senior mortgagee required to subordinate when language required subordination to the specific mortgage “given by SFB or another lending *777 institution approved by the mortgagees[,]” rather than blanket subordination). We likewise find no error in the judge’s resolution of the conflicting evidence in appellees’ favor regarding actual notice of the existence of appellant’s mortgage.
The second issue raised by appellant concerns the trial court’s denial of its affirmative defense of conventional subrogation based upon its payment of the foreclosure judgment rendered in favor of First Federal Savings and Loan Association of Jacksonville in its prior foreclosure suit on the same property. We agree with the trial court that appellant, in the status of junior mortgagee in that proceeding, was precluded from exercising its right of redemption after the final judgment of foreclosure had been entered. See First Nat’l Bank of Live Oak v. Federal Land Bank of Columbia, 470 So.2d 54 (Fla. 1st DCA 1985), review denied, 484 So.2d 8 (Fla.1986); Islamorada Bank v. Rodriquez, 452 So.2d 61 (Fla. 3d DCA 1984); Glendale Fed. Savs. & Loan Ass’n v. Guadagnino, 434 So.2d 54 (Fla. 4th DCA 1983); Shipp Corp. v. Charpilloz, 414 So.2d 1122 (Fla. 2d DCA 1982). Because appellant’s right of redemption was extinguished in the earlier foreclosure proceeding by the entry of the final judgment of foreclosure, appellant’s payment does not now afford it a remedy under a theory of conventional or legal subrogation.
AFFIRMED.
WENTWORTH, J., concurs.
BOOTH, J., dissents with written opinion.

. Appellant would have us view each section under the subordination heading independently, applying the first and third paragraphs to interpret the subordination issue and the second paragraph to a totally separate topic of substitution of collateral. We refuse to do so, having determined that the clauses are mutually dependent and must be interpreted together, not separately.