BOOTH, Judge,
dissenting.
The sole question before us is whether appellees’ written agreement to subordinate the lien of appellees’ mortgage to other mortgages is clear, unambiguous, and effective in setting priorities as between appellees’ mortgage and that of appellant as to a parcel of land in Clay County. That agreement was part of the eonsid-eration in the sale of appellees’ Lee County land to mortgagor Robert Hunter. Hunter also encumbered two parcels of his land located in Clay County as additional collateral. The Clay County parcel here in question (Little Lake Geneva lot) was already subject to appellant’s unrecorded mortgage [1] at the time of the purchase of the Lee County land. The special covenants to appellees’ (Knowles’) mortgage are as follows:
SUBORDINATION: Mortgagees agree that they will subordinate their purchase money mortgage to other mortgages and if required to do so, Mortgagees shall execute a separate subordination agreement subordinating the lien of their purchase money mortgage.
The collateral for the mortgage herein may be substituted with like or higher valued property based upon the remaining value of the mortgage at the request of Mortgagor.
This mortgage is subject to and inferior to all prior mortgages. In the event that there is a superior mortgage in dignity and in priority of the lien herein and in the event that a default shall occur in any such prior mortgage said default shall constitute a default in the mortgage herein whereby all principal and accrued interest owing at the time of said default shall be accelerated and become immediately due and payable.
In the event that a prepayment should be made by the mortgagor herein in excess of $5,000.00 that the mortgagor and mortgagees agree that the monthly installment of payments due hereunder should be prorated to reflect said prepayment amount.
Appellees contend that the title “Subordination” applies to the paragraphs that follow so that all the paragraphs are interdependent. On that basis, appellees urge that the subordination agreement is dependent on an “offer” of substituted collateral pursuant to the second paragraph. A careful examination of the provisions re *778 veals that contention is without merit and should not be used as a basis to rewrite the agreement of the parties. The trial court erred in- accepting and in relying on the testimony of one of the parties to vary the terms of the written agreement.
Each of the agreement’s four paragraphs, supra, deals with a separate subject. In the original document there is extra spacing between the paragraphs indicating the independence of each. Only the first paragraph has a title, and only that paragraph deals with subordination. The first paragraph requires appellees to subordinate their mortgage to other mortgages and to execute a separate subordination agreement if required. Florida cases hold that equity can require the execution of a specific agreement in compliance with a subordination agreement. See, e.g., Southern Floridabanc Federal Savings and Loan Association v. Buscemi, 529 So.2d 303 (Fla. 4th DCA 1988).
The second paragraph deals with substitution of collateral and is obviously a provision for the benefit of the mortgagor since under the agreement only he can request substitution of collateral. The mortgagee is protected by the requirement that the substituted collateral be of like or higher value.
The third paragraph states the general rule on priority[2] between mortgages and provides for automatic default and acceleration of the subject mortgage in case of default of a superior mortgage. This paragraph does not refer to subordination.[3]
The fourth and final paragraph allows the mortgagor to prepay the debt and provides for prorated reduction of monthly payments in the event prepayment exceeds $5,000.
Appellees’ brief, page 6, quotes selected portions of the agreement and omits all of the fourth paragraph, as well as the last sentence of the third paragraph. Unhampered by these inconsistent paragraphs, ap-pellees argue that everything following the title “Subordination” deals with that subject and is interdependent. That argument will not withstand scrutiny, however, when the entirety of all four paragraphs are read.
This court should reverse the judgment below and require compliance with the terms of the agreement of the parties.

. The property was also subject to a first mortgage that is not here in contention, held by a local bank.

. G. Osborne, Mortgages § 181 (2d ed. 1970).

. Id. at § 212.