PER CURIAM.
Perez claims in this appeal that the trial court interfered with her right of redemption in a mortgage foreclosure action. On a holding that the trial court should have allowed Perez to tender the correct amount owed, after a foreclosure clerk directed her to pay an incorrect redemption amount, we reverse the trial court’s orders setting aside a satisfaction of judgment and directing the clerk of court to issue a certificate of title to Kossow. We affirm the judgment insofar as it rejected Perez’s contention that she was entitled to benefit from the clerk’s mistake at Kossow’s expense.
A final judgment of foreclosure of a mortgage was entered in favor of Kossow. Perez, the mortgagor, subsequently obtained an order postponing the completion of the foreclosure sale in order to close on a pending contract for the sale of the property to a third party and to exercise her right of redemption.[1] In accordance with the court’s order, Perez redeemed her mortgage and received a satisfaction of judgment. However, due to a foreclosure clerk’s error in computation, the mortgage redemption amount paid by Perez was less than the mortgage debt and costs as reflected in the judgment of foreclosure. Kossow’s attorney objected to the deficiency and filed a motion requesting the court to set aside the satisfaction of judgment and issue a certificate of title to the property to Kossow. The trial court granted Kos-sow’s motion.
On appeal, Perez argues that she should be required to pay only the amount calculated by the foreclosure clerk, even though the amount is insufficient to satisfy the debt or, in the alternative, she should be permitted to tender the correct redemption amount and obtain a satisfaction of judgment. We agree that she should be given the opportunity to pay the correct amount required to redeem the mortgage.
“[T]he law favors redemption by anyone who has an interest in the mortgaged premises who would be a loser by foreclosure.” John Stepp, Inc. v. First Fed. Sav. & Loan Ass’n, 379 So.2d 384, 386 (Fla. 4th DCA 1980) (citing Dundee Naval Stores Co. v. McDowell, 65 Fla. 15, 61 So. 108 (1913)). Perez paid the redemption amount calculated by the foreclosure clerk and should not now be prevented from exercising her right of redemption due to the clerk’s error. Nevertheless, the litigation was protracted because of her merit-less alternative argument that Kossow was estopped to collect the $1500 deficiency owing to the clerk’s mistake. Perez is not entitled to a “bargain price” mortgage debt based on the clerk’s incorrect calculation.
A mortgage foreclosure is an equitable action. Southern Floridabanc Fed. Sav. & Loan Ass’n v. Buscemi, 529 So.2d 303 (Fla. 4th DCA 1988); Redding v. Stockton, Whatley, Davin & Co., 488 So.2d 548 (Fla. 5th DCA), caused dismissed, 492 So.2d *1374 1334 (Fla.1986). Neither party should reap unfair benefit from the foreclosure clerk’s mistake. In order to do justice between the parties, the case is remanded to allow Perez thirty days to pay the full mortgage redemption price, plus court costs and reasonable attorney’s fees.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.

. Neither the final judgment of foreclosure nor the subsequent order postponing the foreclosure sale are the subject of this appeal. The appeal from the final judgment of foreclosure is pending before this court, case no. 91-2856.