In re Peggy Joan ACOSTA, and
Jorge Acosta, Debtors.

Peggy Joan ACOSTA, Plaintiff,

v.

MARION COUNTY, FLORIDA,
and Structural Services,
Inc., Defendants.

Bankruptcy No. 95–3654–BKC–3P3.
Adv. No. 95–315.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 2, 1996.

Thomas C. Little, Clearwater, FL, for Defendants.

Stanley C. Felton, Inverness, FL, for Plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court on plaintiff's Motion for Summary Judgment as to Defendant Structural Services, Inc.; Debtor's Objection to Claim 2 filed by Structural Services, Inc.; and a pretrial conference. After a consolidated hearing on May 8, 1996, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On July 24, 1992, plaintiff executed a promissory note and mortgage in favor of Wallace and Frances Reagan, encumbering real property in Marion County, Florida. (File Doc. 2). The Reagans recorded the note and mortgage in the Public Records of Marion County, Florida on July 28, 1992. (File Doc. 2).

2. On November 29, 1994, plaintiff executed a loan agreement for rehabilitation of the property. Through the loan agreement, Marion County, Florida secured a junior mortgage on the property and properly recorded the document in the Public Records of Marion County, Florida on January 31, 1995. (File Doc. 2).

3. On April 27, 1995, defendant Structural Services, Inc. recorded a mechanic's lien on the property in the Public Records of Marion County, Florida. (File Doc. 2).

4. On July 26, 1995, the Circuit Court for Marion County, Florida entered Summary Final Judgment of Foreclosure in favor of the Reagans. (File Doc. 2). The judgment scheduled the foreclosure sale for August 24, 1995.

5. On August 3, 1995, subsequent to the entry of the foreclosure judgment but prior to the sale, plaintiff filed for relief under Chapter 13 of the Bankruptcy Code.

6. On October 19, 1995, plaintiff filed a complaint to determine the extent of the liens held by Marion County, Florida and Structural Services, Inc. (File Doc. 2).

7. On November 9, 1995, plaintiff moved to consolidate her objection to claim 2 filed by Structural Services, Inc. with this adversary proceeding. The Court granted the motion on December 13, 1995. (File Docs. 11 and 13).

8. This Court entered a default judgment against Marion County, Florida on February 13, 1996. (File Docs. 17 and 18).

9. On March 18, 1996, plaintiff filed a motion for summary judgment as to defendant Structural Services, Inc., alleging that Structural's mechanic's lien was extinguished by the state court's final judgment of foreclosure and that no genuine issue of material fact existed for adjudication. (File Doc. 19).

## CONCLUSIONS OF LAW

■ The primary issue before the Court is whether the entry of the Summary Final Judgment of Foreclosure in favor of the Reagans extinguished the mechanic's lien held by Structural Services, Inc. (defendant).

Defendant argues that its lien was not extinguished by the entry of the final judgment. Rather, defendant argues that the foreclosure is not made final until the clerk of court issues a certificate of title following the sale of the property. Because plaintiff filed her bankruptcy petition prior to the foreclosure sale, defendant argues that the finality of the foreclosure has been postponed and that its lien has not been extinguished.

■ Summary judgment is available only when no triable issues of fact exist and when the movant is entitled to summary judgment as a matter of law. Fed. R.Bankr.P. 7056 and Fed.R.Civ.P. 56. When considering a summary judgment motion, the Court must construe the facts in the light most favorable to the nonmovant. *Mercantile Bank & Trust Co. v. Fidelity and Deposit Co.,* 750 F.2d 838, 841 (11th Cir.1985).

■ Under Florida law, a mechanic's lien may be discharged "[b]y recording in the clerk's office the original or a certified copy of a judgment or decree of a court of competent jurisdiction showing a final determination of the action." Fla.Stat. ch. 713.21(5) (1995). An order or judgment becomes final when all judicial labor in the matter is complete. *Pruitt v. Brock,* 437 So.2d 768 (Fla. 1st DCA 1983).

■ If a junior mortgagee is not joined as a party in an action to foreclose a senior mortgage, the junior mortgagee retains a right of redemption which it may exercise until the certificate of title is issued. *Akeley v. Miller,* 264 So.2d 473 (Fla. 3rd DCA 1972). "However, a junior mortgagee who is made a party to a foreclosure action brought by a senior mortgagee has his rights determined by the entry of the final judgment." *Glendale Federal Savings and Loan Association v. Guadagnino,* 434 So.2d 54 (Fla. 4th DCA 1983). *See also Credithrift, Inc. v. Knowles,* 556 So.2d 775 (Fla. 1st DCA 1990) (holding that a junior mortgagee's right of redemption was extinguished by entry of final judgment of foreclosure of senior mortgage).

Although the debtor, as mortgagor, could retain and exercise a right of redemption prior to the issuance of the certificate of title, this right does not extend to a junior mort-

gagee such as the defendant. *First National Bank of Live Oak v. Federal Land Bank of Columbia,* 470 So.2d 54 (Fla. 1st DCA 1985), *review denied First National Bank of Live Oak, Florida v. Federal Land Bank of Columbia,* 484 So.2d 8 (Fla.1986).

This Court has held that a "mortgage recorded before the notice of commencement or claim of lien is superior to the lien." *Grant v. Davis (In re CJW Limited, Inc.),* 172 B.R. 675, 686 (Bankr.M.D.Fla.1994).

The Reagans executed and recorded their mortgage prior to defendant's mechanic's lien. Defendant was joined as a party in the foreclosure of the Reagan mortgage. The foreclosure action conclusively adjudicated the rights of all lienholders in the property. Thus, upon entry of the summary final judgment of foreclosure, defendant's rights in the property were determined and its lien was extinguished.

The Court finds that plaintiff's objection to claim 2 filed by defendant should be sustained. Defendant's claim in the amount of $2,243.89 is disallowed because it was extinguished by the foreclosure of the senior mortgage. Additionally, the Court finds it appropriate to award summary judgment in favor of plaintiff because no genuine issue of material fact exists and plaintiff is entitled to summary judgment as a matter of law.

The Court will enter a judgment consistent with these findings of fact and conclusions of law.

### *JUDGMENT*

This proceeding came before the Court on plaintiff's Motion for Summary Judgment as to Defendant Structural Services, Inc.; Debtor's Objection to Claim 2 filed by Structural Services, Inc.; and a pretrial conference. Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. Summary judgment is entered in favor of the plaintiff, Peggy Joan Acosta, and against the defendant, Structural Services, Inc.

2. Debtor's objection to claim 2 filed by Structural Services, Inc. is sustained. Claim 2 in the amount of $2,243.89 is disallowed.