In re Jerry L. NEELY, Jr. and Victoria E. Neely, Debtors.

Jerry L. Neely, Jr. and Victoria E. Neely, Plaintiffs,

v.

Firstplus Financial, Inc., Defendant.

Bankruptcy No. 00–01819–BKC–3F3.
Adversary No. 00–184.

United States Bankruptcy Court,
M.D. Florida.
Jacksonville Division.

Aug. 24, 2000.

Nina M. LaFleur, Stutsman & Thames, P.A., Jacksonville, FL, for Defendant.

D.C. Higginbotham, Jacksonville, FL, for Plaintiffs.

Mamie L. Davis, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding came before the Court for a Final Pretrial Conference on August 8, 2000. The Court also considered Jerry L. Neely's and Victoria E. Neely's ("Plaintiffs") Objection to Firstplus Financial's ("Defendant") Claim # 2 (Doc. 30) and Defendant's Motion for Relief from Stay as to Claim # 2 (Doc. 20) filed in the underlying Bankruptcy Case. In a Joint Pretrial Statement the parties stipulated to consolidation of all pending issues between the parties in the form of a mutual ore tenus Motion for Summary Judgment. Upon review of the stipulated facts and applicable Florida law, the Court finds that Defendant is entitled to summary judgment. The Court will also grant Defendant adequate protection payments as stipulated to in the Joint Pretrial Statement.

### FINDINGS OF FACT

On September 9, 1983, Plaintiffs granted American Home Funding, Inc. a first mortgage on their homestead property located in Duval County, Florida. American Home Funding subsequently assigned this mortgage to Norwest Mortgage, Inc. ("Norwest"). On June 11, 1997, Plaintiffs granted a junior mortgage on their homestead to Banc One Financial Services, Inc. Banc One subsequently assigned this junior mortgage to Defendant. This junior mortgage constitutes the basis for the claim at issue.

In 1999, Norwest instituted foreclosure proceedings on the property. On February 28, 2000, the Circuit Court of Duval County issued a Final Summary Judgment of Mortgage Foreclosure on the property and scheduled a judicial sale for March 27, 2000. The Final Summary Judgment of Mortgage Foreclosure provides in pertinent part that:

On filing of the Certificate of Title with respect to the property described in paragraph 4 above, the Defendants named herein, and all persons claiming by, through, under or against them since the filing of the Notice of Lis Pendens in this action, are foreclosed of all estate, interest or claim in the property described in paragraph 4, and the purchaser or purchasers at the sale shall be let into possession of the property.

(Defendant's Exh. 4).

On March 9, 2000, Plaintiffs filed a voluntary Chapter 13 petition and their proposed Chapter 13 Plan. The Plan did not account for Defendant's junior mortgage, except to allege that "[t]he lien of this mortgage has been extinguished by the foreclosure of the first mortgage."

Having agreed to the above facts, the parties submit to the Court a single decisive question: Whether or not Defendant's junior mortgage was extinguished by the Final Summary Judgment of Mortgage Foreclosure. Plaintiffs contend that the mortgage was extinguished by the judgment. Defendants contend that the mortgage survives until the foreclosure sale is complete.

### CONCLUSIONS OF LAW

■ Because the parties stipulated to the facts as outlined above, no genuine issues of material fact exist. Therefore, the Court will proceed to dispose of the sole legal question at hand: whether a junior mortgage is extinguished by the entry of a judgment of foreclosure.

■ The foreclosure action in Florida consists of three essential steps. First, the validity of claimed interests are determined. Second, the extent (amount) and priority of valid liens are determined. Finally, there is a window of opportunity during which junior lienholders may redeem the newly adjudged senior interests in order to protect themselves. Plaintiffs request that the Court eliminate the third

step of the foreclosure process. Such a holding directly contradicts the plain language of Florida Statutes § 45.0315. To hold that junior interests are extinguished upon judgment of foreclosure would defy a long line of Florida case law to the contrary. Additionally, Plaintiffs are collaterally estopped from asserting that the judgment extinguished Defendant's mortgage when the judgment provides for exactly the opposite result.

■ Under Florida law, a junior mortgagee maintains a right to redeem its interest in mortgaged property being foreclosed by a senior mortgagee up until the issuance of a certificate of sale to a judicial sale purchaser by the clerk of the court. *See* § 45.0315 Fla. Stat. (West 2000). The existence of this right of redemption logically demands the concurring existence of the interest itself. Therefore, § 45.0315 stands for the proposition that a junior mortgage is not extinguished by the entry of a foreclosure judgment but survives until the completion of the judicial sale.

■ Florida case law supports this interpretation of § 45.0315. *See e.g. Glendale Fed. Savings and Loan v. Guadagnino*, 434 So.2d 54 (Fla. 4th DCA 1983) (holding untimely the attempt of junior mortgagee to exercise right of redemption after sale). Only the issuance of a certificate of sale extinguishes junior mortgages. *See Id.*

The Court will not allow Plaintiffs to assert that the Summary Judgment of Foreclosure extinguishes junior mortgages when the face of the Judgment says exactly the opposite. The terms of a judgment of foreclosure may modify or reinforce the provisions in § 45.0315 relating to the extinguishing of junior liens. *See Saidi v. Wasko*, 687 So.2d 10 (Fla. 5th DCA 1996). In the instant case the Judgment provides that Defendant's lien is not extinguished

until the filing of a certificate of title on Plaintiffs' homestead. (See Defendant's Exh. 4).[1] The Defendant's junior mortgage cannot be extinguished at judgment if the Judgment itself provides for the mortgage to be extinguished upon the filing of a certificate of title subsequent to foreclosure sale. Plaintiffs are collaterally estopped from going behind the Judgment by the plain language of the Judgment.

Plaintiffs rely on *Acosta v. Marion County (In re Acosta)*, 200 B.R. 57 (Bankr. M.D.Fla.1996) to support their contention that junior mortgages are extinguished by a judgment of foreclosure. In *Acosta*, a homeowner facing foreclosure sale by the primary mortgagee filed a voluntary Chapter 13 petition to prevent the judicial sale of his home. *See Id.* at 58. The homeowner then objected to a secured claim filed against the estate by the holder of a junior mechanics' lien on the grounds that the lien had been extinguished by the judgment of foreclosure. *See Id.* at 58. Based on Florida Statutes § 713.21(5), the Court found that the lienholder's interest was extinguished by the foreclosure judgment. *See Id.* at 59. Section 713.21 provides in relevant part:

A lien properly perfected under this chapter [a mechanics' lien] may be discharged by any one of the following methods...

...(5) By recording in the clerk's office the original or a certified copy of a judgment or decree of a court of competent jurisdiction showing a final determination of the action.

§ 713.21, Fla. Stat. (West 2000).

The *Acosta* Court interpreted § 713.21(5) as standing for the proposition that all junior interests, including junior mortgages as well as mechanics' liens, are extinguished at the entry of a foreclosure

---

1. The language of the Summary Judgment of Foreclosure differs from the language of § 45.0315 in that it provides that junior interests are extinguished at the **filing** of a new certificate of title rather than at the certificate's issuance. This discrepancy is due to

the fact that the judgment form promulgated by the Florida Supreme Court has not been updated since § 45.0315 was amended in 1993. *See Saidi*, 687 So.2d at 12. The difference is irrelevant in the instant case, as a new certificate of title has not been issued or filed.

judgment rather than at the time a judicial sale is complete. *See Acosta* at 58. Additionally, the *Acosta* Court mistakenly cited *Glendale Savings* as supporting the proposition that junior interests were extinguished by a judgment of foreclosure. *See Id.* at 58.

The Court declines to follow the holding and rationale of *Acosta*. The Court instead elects to follow an interpretation of the mechanics' lien statute that is more consistent with § 45.0315 and with the above-noted case law. The mechanics' lien statute, § 713.21, does not discharge mechanics' liens or other junior interests at the entry of a judgment of **foreclosure**. Rather, § 713.21(5) discharges mechanics' liens at the entry of a **judgment related to the subject matter of the dispute which lead to the lien attachment**, or, more specifically, at the entry of a judgment in favor of the plaintiff on the unusual statutory action of Complaint to Discharge a Mechanics' Lien, as provided for in § 713.21(4). *See Matrix Const. Corp. v. Mecca Const., Inc.*, 578 So.2d 388 (Fla. App.1991) (outlining special, informal procedure for lien discharge action).

This Court concludes that if the Florida legislature intended to establish entry of judgment as the moment of the eradication of junior interests in the event of foreclosure, then the legislature would not have passed the revised § 45.0315 in 1993, 26 years after § 713.21 was enacted. Additionally, no Florida court has applied § 713.21(5) to a junior mortgagee situation. The Court finds the Florida courts' findings as to the timing of the destruction of junior interests more persuasive than the finding of the *Acosta* Court.

The Court reiterates that Debtors' view of the law conflicts with the reality of foreclosure practice. As noted above, there are three stages to a foreclosure action. First, the state court determines the validity of liens claimed by plaintiffs. Second, the state court determines the extent (amount) and priority of those liens. Third, § 45.0315 freezes the action to allow plaintiffs to redeem their liens and to move up the priority ladder in order to protect their interests. **Section 45.0315 provides that this redemption period is terminated by the issuance of a certificate of sale to the foreclosure sale purchaser or by some other event specified in the judgment.** The Court will not eliminate the important third stage of the foreclosure process. Junior mortgagees would be deprived of the opportunity to make educated decisions on redemption. The amounts due for principle, interest, attorney's fees, and costs, if applicable, are not determined until judgment, at which time the debtor and junior lienors are given an opportunity to redeem. Plaintiffs would have the Court extinguish junior mortgages and attending redemption rights prematurely.

## CONCLUSION

The Court finds that valid junior mortgages survive the entry of a judgment of foreclosure by a senior interest, and are only extinguished upon the issuance of a certificate of sale subsequent to a foreclosure sale or as otherwise provided in a judgment of foreclosure. In the instant case, the Plaintiffs prevented the foreclosure sale of their homestead, scheduled for March 27, 2000, by filing a voluntary Chapter 13 petition on March 9. The event that would have extinguished Defendant's mortgage never occurred; therefore, Defendant's secured claim under its mortgage survives and Plaintiffs must provide for Defendant's secured claim in their Chapter 13 Plan.

The Court will enter a separate Judgment and Order Granting Adequate Protection in accordance with these Findings of Fact and Conclusions of Law.

## JUDGMENT

This Proceeding came before the Court for a Final Pretrial Conference on August 8, 2000. The Court also considered an objection to a claim by Defendant Firstplus Financial filed by Jerry L. Neely, Jr.

and Victoria E. Neely, Plaintiffs. The Court additionally considered Defendant's Motion for Relief from Stay on said claim. In accordance with the Findings of Fact and Conclusions of Law separately entered on August 24, 2000, it is **ORDERED**:

Judgment is entered against Plaintiffs, Jerry L. Neely, Jr. and Victoria E. Neely, on their objection to claim #2 of Defendant, Firstplus Financial. Plaintiffs' objection to Defendant's claim is hereby **overruled**.