LAGOA, J.
 

 Appellant, Ana Velazquez (“Velazquez”), appeals from a final judgment entered in favor of appellee Deutsche Bank, N.A. Because the trial court erred in entering summary judgment on the grounds that Deutsche Bank’s mortgage is senior to Velazquez’s mortgage, we reverse the final judgment.
 

 On July 22, 2005, Velazquez sold certain real property to Armando Serrano; the
 
 *83
 
 closing documents reflected a sales price of $320,000. At the closing, Serrano executed two purchase money mortgages in favor of Hayhurst Mortgage, to secure notes for $256,000 and $64,000. The Hayhurst mortgages were recorded on August 11, 2005.
 

 In October 2006, Serrano executed a promissory note in favor of Velazquez for $29,000, reflecting the actual sales price of $340,000.
 
 [1]
 
 The note was secured by a mortgage that was recorded on October 25, 2006, and it included a due-on-sale clause. This clause permitted Velazquez to declare the remaining loan balance immediately due and payable if the property was sold or transferred.
 

 On November 28, 2006, Serrano sold the property to Ana Montes and Cecilio Mejia for $395,000. Montes executed a promissory note for $375,250 in favor of WMC Mortgage Corp. The note was secured by a mortgage that was recorded on December 6, 2006. At closing, the funds obtained from WMC were used to satisfy the Hay-hurst mortgages and a portion of the remaining funds (approximately $30,000) were paid to Serrano. At the time of the Montes/Serrano closing, the endorsement to the titlé insurance commitment did not note the Velazquez mortgage and it was not paid off.
 

 The WMC mortgage was subsequently assigned to Deutsche Bank.
 

 In 2007, Velazquez and Deutsche Bank filed separate foreclosure actions when Serrano and Montes each defaulted on their respective mortgage. The actions were consolidated. Deutsche Bank also filed a counterclaim in the Velazquez action to establish its priority over the Velazquez mortgage. Both parties sought summary judgment, with Deutsche Bank asserting that it was entitled to an equitable lien based on its satisfaction of the Hayhurst mortgages, which were recorded prior to the Velazquez mortgage.
 

 The trial court granted Deutsche Bank’s summary judgment motion. In applying the doctrine of equitable subrogation to award Deutsche Bank’s lien priority, the court stated that Velazquez would be unjustly enriched as a result of Deutsche Bank’s payment of the Hayhurst mortgages, which were superior to Velazquez’s interest and which Velazquez would have been required to satisfy in order to claim a first lien position on the property.
 

 On appeal, Velazquez argues that, by virtue of the recording statutes, her mortgage has priority over Deutsche Bank’s mortgage and that the doctrine of equitable subrogation, an exception to the recording statutes, does not apply here. We agree.
 

 We review an order granting summary judgment de novo.
 
 See Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). Equitable subrogation is generally defined as follows:
 

 Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. Sub-rogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid.
 

 
 *84
 

 Boley v. Daniel,
 
 72 Fla. 121, 72 So. 644, 645 (1916). Subrogation “is not allowed if it works any injustice to the rights of others.”
 
 Fed. Land Bank of Columbia v. Godwin,
 
 107 Fla. 537, 145 So. 883, 885 (1933);
 
 see also Brannon v. Hills,
 
 111 Fla. 491, 149 So. 556, 557 (1933);
 
 Eastern Nat’l Bank v. Glendale Fed. Sav. & Loan Ass’n,
 
 508 So.2d 1323 (Fla. 3d DCA 1987). A party’s entitlement to subrogation therefore “depends upon the equities and attending facts of each case.”
 
 Nat’l Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick,
 
 742 So.2d 328, 332 (Fla. 3d DCA 1999).
 

 In response to Velazquez’s contention that the recording statutes entitle her mortgage to priority over Deutsche Bank’s mortgage, Deutsche Bank asserts that, in this case, equitable subrogation prevents what would be a windfall to Velazquez amounting to unjust enrichment at Deutsche Bank’s expense, and that Velazquez is not prejudiced as she would be in the same position that she held before Deutsche Bank satisfied the Hayhurst mortgages. In support of its position, Deutsche Bank relies, in part, on the following language in
 
 Eastern National Bank,
 
 508 So.2d at 1324: “[Njegligence which has not resulted in harm to anyone will not be invoked to permit unjust enrichment of the later lienors through their fortuitous advancement in priority by reason of mistake.” That statement, however, supports Velazquez’s position.
 

 Here, a review of the record shows that Deutsche Bank’s failure to note and pay off Velazquez’s properly recorded mortgage when the property was sold to Montes resulted in harm to Velazquez. Deutsche Bank asserts that it intended to hold a first lien position when it paid off the Hayhurst mortgages. Indeed, the title insurance agent for the Montes/Serrano closing stated that she would have paid off the Velazquez mortgage if she had been aware of it. Moreover, as the facts show, although Velazquez’s mortgage was third in priority after the Hayhurst mortgages, there was a surplus of funds after payment of the Hayhurst mortgages, and that surplus should have been paid to Velazquez to satisfy her properly recorded mortgage. In addition, the due-on-sale clause in Velazquez’s mortgage establishes that Velazquez had an expectation that she would receive any available funds when Serrano sold the property. However, when Deutsche Bank paid off the Hayhurst mortgages, Velazquez did not receive any funds because Deutsche Bank’s agent failed to note and pay off Velazquez’s properly recorded mortgage. Instead, the surplus funds of approximately $30,000 were paid in error to Serrano.
 

 Therefore, Velazquez has been deprived of a legal right — the payment of her mortgage upon the sale of the property pursuant to the due-on-sale clause. It is merely speculative whether Velazquez will recover anything from the foreclosure sale, as opposed to the certain recovery that was thwarted by the mistake made at the Montes/Serrano closing. Based on these circumstances, we reject Deutsche Bank’s position that Velazquez suffered no prejudice and that equitable subrogation would prevent a windfall to Velazquez. Accordingly, we reverse the final judgment upon a holding that the doctrine of equitable subrogation may not be applied to award Deutsche Bank a first lien position.
 

 Reversed and remanded.
 

 [1]
 

 . On July 6, 2005, Serrano executed an addendum to a purchase and sale contract for $340,000, which provided that Velazquez would take back a second mortgage from Serrano for $20,000. In her affidavit, Velazquez explained that the actual sales price was $340,000, but the closing documents reflected $320,000 because Serrano could not qualify for financing for the higher sales price.