CORTIÑAS, J.
In 2001, All Realty Alliance Corp. (All Realty) purchased real property located at 3265 N.E. 167th Street in North Miami Beach (the Property). In 2003, All Realty obtained a mortgage on the Property "with Globex Lending Corp., who then assigned the mortgage to Bank United FSB (Bank *951 United). In 2005, All Realty executed a second mortgage on the Property with AG Group Investments, LLC (Appellant).[1]
In October 2006, Appellant initiated foreclosure proceedings against All Realty. Bank United initiated separate foreclosure proceedings two months later, naming both All Realty and Appellant as defendants. On May 1, 2007, the trial court entered a summary final judgment of foreclosure in favor of Bank United. The judgment of foreclosure included the following language:
On filing the Certificate of Sale ... [Appellant and all other junior hen holders] are forever barred and foreclosed of any and all estate, equity, claim or right of redemption in and to the property, and the purchaser at the sale shall be let into possession of the property.
A foreclosure sale of the Property was scheduled for August 2007, but days before the sale was to take place, Pinnacle Three Corp. (Appellee) paid all sums due to Bank United under the final judgment.[2] In so doing, Appellee was placed in the position of Bank United under the doctrine of equitable subrogation, whereby “one having a liability or a right ... in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid.” Velazquez v. Serrano, 43 So.3d 82, 83 (Fla. 3d DCA 2010) (internal citation omitted). Equitable subrogation is not available in circumstances where its use would place creditors or the property owner in a worse position than before the debt was paid. Id. Such was not the case here, and Appellee may assert any and all claims that would otherwise have been held by Bank United.
In July 2010, Appellee brought suit to establish and foreclose its equitable lien on the Property, and named Appellant as a defendant. Arguing that Appellant had no legal or equitable interest in the Property, Appellee moved for final summary judgment. At the hearing on Appellee’s motion, Appellant argued that its interest in the Property was not extinguished because the foreclosure sale had not taken place. In support of its position, Appellant cited section 45.0315, Fla. Stat. (2007) (the Statute), which states in pertinent part:
At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment ... of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor’s indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment.
The trial court granted Appellee’s motion, and this appeal followed.
Before the Statute was enacted in 1993, the common law rule provided that a junior mortgagee’s lien was extinguished at the entry of the final judgment of foreclosure. See, e.g., Abdoney v. York, 903 So.2d 981 (Fla. 2d DCA 2005); Islamorada Bank v. Rodriguez, 452 So.2d 61 (Fla. 3d DCA 1984); Shipp Corp. v. Charpilloz, 414 So.2d 1122 (Fla. 2d DCA 1982). Under the common law, the granting of the final summary judgment of foreclosure to Bank United would have eliminated Appellant’s interest in the property.
*952 However, the Statute provides that a junior lien holder’s interest cannot be extinguished before the issuance of a certificate of sale. See In re Neely, 256 B.R. 322, 325 (Bankr.S.D.Fla.2000) (“[JJunior mortgages survive the entry of a judgment of foreclosure by a senior interest, and are only extinguished by the issuance of a certificate of sale subsequent to a foreclosure sale or as otherwise provided in a judgment of foreclosure.”). Any other suggestion runs counter to the actual practice of foreclosure sales, in which a junior mortgage holder has a claim to money paid for a property at a foreclosure sale that is in excess of the value of the senior mortgage. See JP Morgan Chase Bank v. U.S. Bank Nat’l Ass’n, 929 So.2d 651, 653 (Fla. 4th DCA 2006) (“Certainly, the foreclosure of the first [mortgage] did not extinguish the second; it merely transferred the lien from the property to the surplus funds that took its place.”). If the foreclosure judgment itself extinguished any interest held by the junior mortgage holder, there would be no basis for such a practice, and any excess funds would go to the debtor owner of the underlying property.
Furthermore, the language of the summary judgment expressly indicates that the junior lien is not extinguished by the foreclosure judgment alone. The order states, in pertinent part, that “[o]n filing of the Certificate of Sale ... [Appellant is] forever barred and foreclosed of any and all estate, equity, claim or right of redemption in and to the property, and the purchaser at the sale shall be let into possession of the property.” (emphasis added). The judgment of foreclosure itself clearly provided that the junior mortgage will be extinguished only upon the filing of the certificate of sale, which has not yet happened.
As there has been no foreclosure sale and no certificate of sale has been issued, the trial court erred when it found that Appellant has no interest in the subject property.
Reversed.

. Appellant also secured additional mortgages with other parties, none of which are relevant to the instant appeal.

. Pinnacle Three Corp. and Appellant had each brought separate actions against All Realty, and the cases were consolidated for this appeal. As Pinnacle Three Corp.’s motion for final summary judgment serves as the basis for this appeal, it will be identified as Appel-lee, despite not being named in the case caption.